1  DALE B. GOLDFARB, State Bar No. 65955
   KEVIN R. WARREN, State Bar No. 242238
2  HARRINGTON, FOXX, DUBROW & CANTER, LLP
   1055 West Seventh Street, 29th Floor
3  Los Angeles, California  90017-2547
   Telephone (213) 489-3222
4

5  Attorneys for Defendant, CLARENDON
   AMERICAN INSURANCE COMPANY
6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 LEGACY PARTNERS, INC, a         )   CASE NO. CV0920BTMCAB
   Delaware corporation,           )
12                                 )   The Hon.
              Plaintiff,           )
13                                 )   Action Filed:   December 7, 2007
        v.                         )
14                                 )   **MEMORANDUM OF POINTS AND**
   CLARENDON AMERICAN              )   **AUTHORITIES IN SUPPORT OF**
15 INSURANCE COMPANY, and          )   **CLARENDON AMERICA INSURANCE**
   DOES 5 through 10,              )   **COMPANY'S 12(b)(6) MOTION TO**
16                                 )   **DISMISS**
              Defendants.          )
17                                 )   [Filed concurrently with Notice of 12(b)(6)
                                   )   Motion to Dismiss]
18                                 )
                                   )   Date: July 18, 2008
19                                 ))  Time: 11:00 a.m.
   _____ )   Room: 15
20

21

22          **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23

24         Defendant CLARENDON AMERICAN INSURANCE COMPANY (hereinafter

25 "CLARENDON") hereby submits its Memorandum of Points and Authorities in

26 support of its Motion to Dismiss under Federal Rules of Civil Procedure Rule 12(b)(6)

27 as follows:

28 / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit is an insurance case which alleges causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief between Plaintiff LEGACY PARTNERS, INC ("PLAINTIFF"), and defendant CLARENDON. PLAINTIFF alleges that CLARENDON breached its contract with PLAINTIFF because CLARENDON did not indemnify or reimburse PLAINTIFF for defense costs in the Wellington lawsuit. It is clear from the Complaint that PLAINTIFF failed to state a claim upon which relief can be granted.

PLAINTIFF alleges that CLARENDON breached its obligation to indemnify and reimburse PLAINTIFF for defense costs under the terms of the Comprehensive General Liability Retained Amount Policy No. XSR 00410538 ("POLICY"). Based on these alleged breaches, PLAINTIFF alleges that CLARENDON breached the implied covenant of good faith and fair dealing. PLAINTIFF included a copy of the POLICY with its complaint as well as a copy of Wellington's Second Amended Complaint.

Wellington's Second Amended Complaint arose out of PLAINTIFF's trespass onto Wellington's land. PLAINTIFF requested the right to enter the Wellington Property to perform maintenance and repair the Keystone Wall and to construct a new retaining wall. Wellington refused because it believed that all repairs or maintenance could be accomplished solely on PLAINTIFF's land without the need to use Wellington's land and because the proposed work was unnecessary. Even after Wellington made its concerns known to PLAINTIFF, PLAINTIFF tried to solicit help from Caltrans to trespass onto Wellington's land. Again Wellington objected to PLAINTIFF using its land. As a result of PLAINTIFF's actions, Wellington filed

1  lawsuit against PLAINTIFF.

2

3      The Wellington Second Amended Complaint alleged that PLAINTIFF
4  encroached on the property owned by Wellington without permission and without
5  necessity. While intentionally on the land, PLAINTIFF failed to exercise reasonable
6  care and skill in performing construction work on the Wellington property,
7  PLAINTIFF placed heavy construction equipment and material on the Wellington
8  property, and PLAINTIFF negligently removed storm and pollution work that
9  Wellington had completed as part of Wellington's development of the property.
10  Wellington further alleged that PLAINTIFF intentionally trespassed onto its land and
11  intentionally conducted unlawful activities upon that land actions.

12

13      After negotiation, PLAINTIFF settled with Wellington for $350,000.00 and
14  allegedly incurred $500,000. in defense costs. PLAINTIFF requested that
15  CLARENDON indemnify and reimburse PLAINTIFF for its defense costs.

16      The POLICY only covers property damage caused by an "occurrence". In the
17  POLICY, an "occurrence" must be an accident by definition. After diligent
18  investigation and legal analysis of the POLICY, CLARENDON determined that there
19  was no "occurrence". Therefore, CLARENDON had no duty to either indemnify
20  PLAINTIFF or reimburse PLAINTIFF for the costs of defense under the POLICY. As
21  a result of CLARENDON's refusal to indemnify or reimburse PLAINTIFF for the
22  Wellington matter, PLAINTIFF filed the subject lawsuit.

23

24      PLAINTIFF failed to state a claim for breach of contract and breach of implied
25  covenant of good faith and fair dealing against CLARENDON. According to the terms
26  of the POLICY, PLAINTIFF's actions were not covered by the POLICY, therefore, the
27  POLICY could not be breached.
28  ///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

II.  **ARGUMENT**

A.  **PLAINTIFF FAILED TO PROPERLY STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT UPON WHICH RELIEF CAN BE GRANTED**

In order to establish that CLARENDON breached the POLICY, PLAINTIFF must show: (1) coverage existed under the POLICY, (2) CLARENDON breached its obligations under the POLICY, and (3) as a result, PLAINTIFF was damaged. *Golden Eagle Refinery Co., Inc. v. Associated Intern. Ins. Co.*, 85 Cal.App.4th 1300, 1308-09 (2001). Here, PLAINTIFF failed to show that coverage existed under the POLICY.

Documents attached to a complaint may be considered as part of the complaint for the purposes of a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc. (9th Cir. 1990) 896 F2d 1542, 1555. PLAINTIFF attached both the POLICY and Wellington's Second Amended Complaint as exhibits. Therefore, these documents are part of the Complaint and can be used in this motion to dismiss.

Section I(A)(3) of the POLICY states, "This insurance applies only to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** that is caused by an **Occurrence** which takes place in the **Coverage Territory** and during the Policy Period shown in the Declarations."

Section V(N) of the POLICY defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful condition".

In California, the term "accident" has been defined in the context of an insurance policy. "An intentional act is not an 'accident' within the plain meaning of the word."

Quan v. Truck Insurance Exchange (1998) 67 Cal.App.4th 583, 596. PLAINTIFF never alleges in its complaint that its conduct was accidental. Instead, PLAINTIFF makes the incorrect correlation that an allegation of "negligence" is equivalent to an "accident". The terms "negligence" and "accident" are not synonymous as a matter of law. In Uhrich v. State Farm Fire & Casualty Company (2003) 109 Cal.App.4th 598, 610, the Court clearly states,

> "It is common to hear the argument that if the underlying complaint alleges negligence, there must be a duty to defend. This is not necessarily true. The duty to defend depends upon the coverage provided by the policy-the 'nature and kind of risk covered'-which in turn depends upon the wording of the coverage clauses.... The threshold question is not whether an unclear exclusionary provision applies, 'but rather the scope of coverage itself: whether the conduct in question constitutes an accident within the meaning of the policy provision'.... To avoid the consequences of the conclusion that no 'accident' has been alleged, the insured argues he might be found merely 'negligent'.... Such arguments misconstrue the 'accident' requirement in standard general liability policies. 'Under California law, the term refers to the nature of the insured's conduct, not his state of mind.' 'Negligent' or not, in this case the insured's conduct alleged to have given rise to claimant's injuries is necessarily nonaccidental, not because any 'harm' was intended, but simply because the conduct could not be engaged in by 'accident'." (Ellipses in original, emphasis omitted).

Wellington did not allege that PLAINTIFF entered its property accidentally. PLAINTIFF's actions on Wellington's land was intentionally. Furthermore, PLAINTIFF failed to allege that its conduct that gave rise to the Wellington lawsuit was accidental. Under the POLICY, an "occurrence" is defined as an "accident", not "negligence". Therefore, the mere allegation of negligence will not in itself trigger coverage under the POLICY.

Wellington alleged in its Second Amended Complaint that PLAINTIFF intentionally trespassed onto its land and intentionally conducted unlawful activities

upon that land actions. Wellington alleged, "In early 2001, Legacy requested the right to enter the Wellington Property to perform maintenance and repairs of the Keystone Wall and to construct a new retaining wall. Plaintiff refused because it believed that all repairs or maintenance could be accomplished solely on the Pointe without the need to use its land and because the proposed work was unnecessary." *The Wellington Group, LLC's Second Amended Complaint*, 3:23-3:26. Even after Wellington made its concerns known to PLAINTIFF, PLAINTIFF tried to solicit the help from Caltrans. Again Wellington objected to PLAINTIFF using its land. *The Wellington Group, LLC's Second Amended Complaint*, 3:27-4:9.

PLAINTIFF intentionally trespassed onto Wellington's property and caused damage thereon. PLAINTIFF improperly concludes that because Wellington's Second Amended Complaint had <u>some</u> causes of action for negligence, this infers that PLAINTIFF damaged Wellington accidentally and would constitute an "occurrence". This assumption is erroneous as a matter of law. Wellington never alleged that any damages it suffered as a result of PLAINTIFF's actions were accidental. In fact, Wellington causes of action against PLAINTIFF included wilful trespass, intentional interference with prospective economic advantage, and nuisance.

PLAINTIFF has failed to properly plead that CLARENDON had a duty to indemnify or reimburse Plaintiff under the POLICY. Therefore, PLAINTIFF has stated a cause of action upon which relief can be granted.

///
///
///
///
///
///

### B. PLAINTIFF FAILED TO PROPERLY PLEAD A CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

#### 1. BECAUSE CLARENDON DID NOT BREACH THE POLICY, IT COULD NOT HAVE BREACHED THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Since PLAINTIFF failed to properly plead that CLARENDON breached the POLICY, there can be no breach of the covenant of good faith and fair dealing. Waller v. Truck Insurance Exchange, Inc. (1995) 11 Cal.4th 1. In order to plead a breach of implied covenant of good faith and fair dealing, there needs to be a breach of the underlying contract, which PLAINTIFF has failed to show through allegation or through fact.

#### 2. PLAINTIFF FAILED TO PROPERLY ALLEGE THAT CLARENDON DID NOT ACT REASONABLY AND DENIED PLAINTIFF'S CLAIM WITHOUT PROPER BASIS

In order to establish that CLARENDON deprived PLAINTIFF of policy benefits in breach of the implied covenant of good faith and fair dealing, PLAINTIFF must prove by a preponderance of the evidence that the basis upon which CLARENDON withheld such benefits was "unreasonable or without proper cause." Love v. Fire Insurance Exchange (1990) 221 Cal.App.3d 1136, 1151-52. Declining coverage with proper causes is not a breach of the implied covenant. California Shopper's Inc. v. Royal Globe Insurance Company (1985) 175 Cal.App.3d, 54-55. Moreover, an insurer's honest mistake, or its failure to predict accurately how the Court will rule on the coverage issues presented by a claim does

not constitute bad faith: "[A]n erroneous interpretation of an insurance contract . . . does not necessarily result in tort liability for breach of the covenant of good faith and fair dealing; an insurer's conduct must also have been unreasonable in order to result in tort liability." Dalrymple v. United Services Automobile Association (1995) 40 Cal.App.4th 497, 514. Furthermore, even "negligent claims handling does not rise to the level of bad faith." Chateau Chamberay Homeowner's Association v. Associated International Insurance Company (2001) 90 Cal.App.4th 335, 351. The Court stated,

> "we are not called upon to determine whether 'the insurer's' view as to the proper outcome of the adjustment process was correct. It is only necessary for us to determine that, *in light of the record as a whole,* its position with respect to the disputed points was *reasonable* or that the [insurer] had *proper cause* to assert the positions that it did." (Emphasis in original) *Id.* at 350.

Recognizing that the insurer's "honest mistake" or its failure to predict accurately the outcome of a claim does not give rise to tort liability, California Courts have adopted the "genuine dispute" doctrine which holds that "bad faith liability cannot be imposed where there 'exist[s] a genuine issue as to [the] insurer's liability under California law.'" Opsal v. United Services Automobile Assocation (1991) 2 Cal.App.4th 1197, 1205-06; Fraley v. Allstate Insurance Company (2000) 81 Cal.App.4th 1282, 1292-93.

PLAINTIFF merely alleges that CLARENDON acted unreasonably, yet does not provide allegations as to why CLARENDON's handling of coverage was unreasonable. There is at least a good faith dispute as to coverage in this matter since Wellington alleged in its Second Amended Complaint that PLAINTIFF intentionally trespassed onto its land and intentionally conducted unlawful activities upon that land actions. Wellington never alleged that any damages it suffered as a

1 result of PLAINTIFF's actions were accidental. In fact, Wellington causes of
2 action against PLAINTIFF included wilful trespass, intentional interference with
3 prospective economic advantage, and nuisance.

5 Strictly based upon Wellington's Second Amended Complaint, there was
6 certainly a legitimate issue regarding whether the Wellington lawsuit arose out of
7 an occurrence.

### III. CONCLUSION

PLAINTIFF did not properly state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing. According to the attached POLICY and Wellington's Second Amended Complaint, PLAINTIFF's actions were not accidental, therefore did not qualify as an "occurrence" under the POLICY. Therefore, CLARENDON did not have a duty to indemnify or reimburse PLAINTIFF under the POLICY.

CLARENDON respectfully requests that the Court grant CLARENDON's motion.

DATED: May 28, 2008

Respectfully submitted,

HARRINGTON, FOXX, DUBROW & CANTER, LLP
DALE B. GOLDFARB
KEVIN R. WARREN

By: _____
DALE B. GOLDFARB
KEVIN R. WARREN
Attorneys for Defendant,
CLARENDON INSURANCE COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On May 28, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLARENDON AMERICA INSURANCE COMPANY'S 12(B)(6) MOTION TO DISMISS** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

Kirk A. Pasich, Esq.
Susan Page White, Esq.
Dickstein Shapiro LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel: (310) 772-8300
Fax: (310) 772-8301

Attorneys for Plaintiff

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 28, 2008, at Los Angeles, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
ELIZABETH S. SOLIDUM

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

F:\CASE\TIGIN.2721\SERVICE\POS.MMS FEDERAL.wpd