1  DALE B. GOLDFARB, State Bar No. 65955
   KEVIN P. McNAMARA, State Bar No. 180690
2  HARRINGTON, FOXX, DUBROW & CANTER, LLP
   1055 West Seventh Street, 29th Floor
3  Los Angeles, California  90017-2547
   Telephone (213) 489-3222
4  Facsimile (213) 623-7929

5  Attorneys for Defendant, CLARENDON
   AMERICA INSURANCE COMPANY
6  erroneously sued herein as Clarendon
   American Insurance Company
7

8              UNITED STATES DISTRICT COURT

9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 LEGACY PARTNERS, INC, a          )  CASE NO. CV0920BTMCAB
   Delaware corporation,            )
12                                  )  The Hon. Barry Ted Moskowitz
              Plaintiff,            )
13                                  )  Action Filed:   December 7, 2007
        v.                          )
14                                  )  **REPLY MEMORANDUM OF POINTS
   CLARENDON AMERICAN              )  AND AUTHORITIES IN SUPPORT OF
15 INSURANCE COMPANY, and          )  CLARENDON AMERICA INSURANCE
   DOES 5 through 10,               )  COMPANY'S MOTION TO DISMISS**
16                                  )
              Defendants.           )  **Date:        July 18, 2008**
17 _____)  **Time:        11:00 a.m.**
                                       **Room:        5**
18

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

F:\CASE\TIGIN.2721\PLEADINGS\Reply Memo Re Motion to Dismiss.wpd -1-        CASE NO. CV0920BTMCAB

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    INTRODUCTION.**

Plaintiff's Opposition demonstrates that plaintiff has elected to employ the shotgun method in opposing Clarendon America Insurance Company's ("Clarendon") Motion to Dismiss.  However, scrutiny reveals even the shotgun approach misses the mark in this case.  Plaintiff repeatedly suggests that the mere allegation of negligence means there must be an occurrence.  That is not the law.  To exacerbate this misfire, plaintiff repeatedly references allegations of its alleged negligent conduct that do not relate to "property damage" or "personal injury."

Plaintiff also makes much ado about the absence of analysis in Clarendon's moving papers regarding the "personal injury" coverage in the policy.  This is because there simply is no coverage available to plaintiff under this portion of the policy relative to the underlying suit.  That this is obvious is revealed below.  That Clarendon did not address every conceivable coverage afforded under its policy in its moving papers is no impediment to this Court granting its Motion to Dismiss given the ease with which the court can conclude the personal injury coverage is not implicated.

Plaintiff's arguments of waiver and estoppel are unavailing.  The allegations in the Complaint do not support a conclusion that Clarendon forfeited its right to deny coverage under either of these theories.

Finally, because Clarendon did not breach the insurance contract, it could not have breached the covenant of good faith and fair dealing implied into it.

Clarendon therefore respectfully urges the Court to grant its Motion to Dismiss. Since the absence of coverage for these claims is clear from the pleadings before the Court, Clarendon urges the Court to do so without leave to amend.

/ / /

/ / /

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

2.    **THERE IS NO COVERAGE UNDER THE PERSONAL INJURY**
      **PORTION OF THE POLICY.**

While plaintiff makes much noise of the absence of argument in Clarendon's moving papers regarding the personal injury coverage afforded in Clarendon's policy, closer scrutiny reveals even plaintiff recognizes the invalidity of this argument.  The substance of plaintiff's argument can be found under heading 5, at pages 19-20. Plaintiff merely states that ". . . Wellington sought damages against Legacy for negligent trespass and nuisance, for the alleged wrongful entry onto its premises."

As noted in plaintiff's Opposition, the pertinent portion of the definition of personal injury is:

> "Wrongful entry into, or eviction of a <u>person</u> from, or invasion of the right of private occupancy of a room, dwelling or premises that the <u>person</u> occupies with the permission of or on behalf of its owner, landlord or lessor."
>
> [emphasis added]

The California Court of Appeal recently held in <u>Mirpad, LLC v. California Insurance Guaranty Association</u> (2005) 132 Cal.App.4th 1058 that the word "person" in this definition necessarily refers to a <u>natural</u> person, not an organization.  More recently, the <u>Mirpad</u> decision was followed in <u>Stonelite Tile, Inc. v. California Insurance Guaranty Association</u> (2007) 150 Cal.App.4th 19, where the court noted:

> "The [<u>Mirpad</u>] court concluded that because the policy used the words 'person' and 'organization' separately and distinctly, those words had to be accorded their separate and distinct meanings and held that the word 'person' as used in the context of the wrongful eviction offense refers only to natural persons. [citation omitted] Consequently, Stonelite's <u>nuisance</u> and <u>trespass</u> claims would <u>not</u> be covered under the

/ / /

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    personal injury liability portion of the policy." [emphasis

2    added.]

3    Here, Plaintiff was sued in the underlying action by a non-natural person.  Thus,

4 there is no coverage available to plaintiff under the personal injury portion of the

5 policy.

6    Additionally, plaintiff did not "occupy" the property as contemplated in the

7 policy, as required to implicate personal injury coverage.  Plaintiff concedes the

8 property was undeveloped.  The Court held in Stein-Brief Group, Inc. v. Home

9 Indemnity Co. (1998) 65 Cal.App.4th 364, 373 that personal injury coverage was not

10 triggered when the alleged transgressions occurred while the property was in the pre-

11 construction stage. The Court concluded there was no "wrongful entry of eviction"

12 since "such language connotes disruptions of the ability of a land owner to actually

13 occupy his property, not mere injuries to property.  [citation]" (Titan Corp. v. Aetna

14 Casualty & Surety Co. (1994) 22 Cal.App.4th 457, 476 [27 Cal.Rptr.2d 476].)  Since

15 plaintiff's property was likewise in the pre-construction stage, plaintiff did not

16 "occupy" the property and the personal injury coverage is not triggered.

17    As such, this provides an independent basis upon which the Court may conclude

18 there is no potential coverage under the personal injury portion of the policy.

19

20 **3.    THERE WAS NO WAIVER OR ESTOPPEL.**

21    Waiver requires the intentional relinquishment of a known right.  Waller v. Truck

22 Insurance Exchange, Inc. (1995) 11 Cal.4th 1.  There are no allegations in the

23 Complaint that Clarendon intentionally waived a known right.  First, the Complaint

24 does not actually allege that Clarendon accepted Legacy's tender of defense.  Instead,

25 the Complaint alleges that ". . . Legacy confirmed that it is Clarendon's 'intent' to

26 accept the tender of defense of this matter subject to a reservation of rights." [emphasis

27 added] Complaint paragraph 20.   Second, plaintiff's own allegations reference

28 Clarendon's reservation of rights, which necessarily defeats any argument of waiver.

1  The Complaint then alleges at paragraph 22 that six weeks later Clarendon denied

2  coverage.  These allegations are simply insufficient to  support a determination that

3  Clarendon intentionally waived a known right.  Plaintiff's allegations relate to

4  plaintiff's conduct, not Clarendon's.  To the extent they relate to Clarendon's conduct,

5  they reveal a reservation of rights.

6      Similarly, these allegations are insufficient to support a determination of

7  equitable estoppel.  Plaintiff adds paragraph 21 to this mix, in which it alleges it

8  forwarded to Clarendon "attorney-client privilege building invoices from defense

9  counsel.  Legacy also kept Clarendon apprised of upcoming mediations from

10 Wellington."  How this supports a determination of equitable estoppel is a mystery.

11 Paragraph 15 of the Complaint reveals that Legacy was sued on or about October 28,

12 2004, that Wellington filed a First Amended Complaint on or about May 17, 2005, and

13 a Second Amended Complaint (SAC) on or about August 15, 2005.  Paragraph 19 of

14 the Complaint reveals that plaintiff first "notified" Clarendon of the underlying lawsuit

15 on July 9, 2005, more than nine months after the original Complaint was filed.

16 Estoppel may be found only where, by words or conduct, the insurer has caused the

17 insured reasonably to change its position to its detriment.  Chase v. Blue Cross of

18 California (1996) 42 Cal.App.4th 1142, 1151.  There are no allegations in the

19 Complaint that establish detrimental reliance.  Further, plaintiff's allegations that

20 Clarendon reserved its rights defeats any argument of reasonable detrimental reliance.

21     Plaintiff's citation to the California Insurance Regulations does nothing to bolster

22 its arguments for waiver or estoppel.  First, a purported violation of the insurance

23 regulations does not give rise to an actionable tort.  Moradi-Shalal v. Fireman's Fund

24 Insurance Co. (1988) 46 Cal.3d 287, 304.  Indeed, plaintiff cites to no case law to

25 support its argument that this alleged violation somehow supports a finding of waiver

26 or estoppel.  Plaintiff's attempt to do an end run around the California Supreme Court's

27 holding in Moradi-Shalal fails and must not be countenanced.

28     Neither waiver nor estoppel applies in this case.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1    **4.      THERE WAS NO "OCCURRENCE".**

2         Plaintiff repeatedly argues that the mere allegation of negligent conduct suffices

3    to support a determination that there was an "occurrence." This argument has been

4    repeatedly rejected.  Uhrich v. State Farm Fire & Casualty Company (2003) 109

5    Cal.App.4th 598, 610. The question is whether plaintiff was sued in the underlying

6    case for accidentally causing property damage.  Plaintiff's Opposition not only

7    erroneously argues a parallel between negligence and an occurrence or accident, but

8    cites to allegations of Legacy's alleged failure to exercise reasonable care and skill, but

9    without tying these allegations to alleged resultant property damage. Whether plaintiff

10   engaged in accidental conduct, that did not cause covered property damage is irrelevant.

11   What matters is whether plaintiff engaged in accidental conduct that caused covered

12   property damage.  Legacy also goes outside the pleadings in its Opposition in a last

13   ditch effort to avoid dismissal.

14        The underlying SAC, attached to and incorporated into plaintiff's Complaint,

15   alleges plaintiff intentionally constructed subterranean tie-backs using Wellington's

16   property without permission (SAC, paragraph 37) and ". . . entered the Wellington

17   property to remove much of the storm and pollution work which Wellington has

18   completed as part of the pre-development phase for the project." (SAC, paragraph 39)

19   Plaintiff was sued in the underlying action because it engaged in intentional conduct.

20   Indeed, Wellington's allegations that plaintiff intentionally went around Wellington,

21   to Caltrans, in order to do what Wellington refused to allow it to do were at the very

22   core of Wellington's suit against Legacy.  Wellington alleged, inter alia, Legacy

23   intentionally entered its property, intentionally used heavy duty equipment on

24   Wellington's property, and intentionally removed storm and pollution work.

25        Plaintiff's reliance upon the recent decision of Lyons v. Fire Insurance Exchange

26   (2008) 161 Cal.App.4th 880 is misplaced.  The Lyons court concluded :

27   / / /

28   / / /

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  "Here, however, Lyons asserts merely his mistaken
2  subjective belief about another person's consent.  The best
3  that can be said by Lyons is that he labored under the
4  misimpression that Roy would not rebuff his advances and
5  would consent to his overtures.   However, his mental
6  miscalculation of her state of mind simply cannot transform
7  his intentional conduct, done with full knowledge of all the
8  objective facts, into an accident."
9  In reaching this conclusion, the court noted:
10 ""'Under California law, the term ['accident'] refers to *the*
11 *nature of the insured's conduct, not his state of mind.*'
12 [citation.]    'Negligent' or not, in this case the insured's
13 conduct alleged to have given rise to claimant's injuries is
14 necessarily non-accidental, not because any 'harm' was
15 intended, but simply because the conduct could not be
16 engaged in by 'accident.'' (*Quon, supra* 67 Cal.App.4th at
17 page 596, 79 Cal.Rptr.2d 134, italics added.) Thus, mistaken
18 consent does not, as a matter of law, create an accident.  (See
19 also *Merced Mutual Insurance Co. v. Mendez* (1989) 213
20 Cal.App.3d 41, 50-51, 261 Cal.Rptr. 273.)" [emphasis in
21 original]
22 Thus, plaintiff's arguments that it was sued for accidental conduct because it
23 believed it was operating within the scope of the encroachment permit from Caltrans
24 miss the mark.  Further, plaintiff's argument that Wellington did not allege Legacy
25 intended to cause damage to its property is both inconsistent with the underlying SAC,
26 and irrelevant.  Wellington alleged plaintiff intentionally entered its property, and
27 caused damage.  That Wellington did not expressly allege that plaintiff intended to
28 cause each and every type of damage referenced in the Complaint is of no import.  It

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  is plaintiff's burden to establish entitlement to any coverage under the policy.  <u>Aiden</u>
2  <u>Corp. v. First State Insurance Co. (1998) 18 Cal.4th 1183</u>.  Indeed, there is no
3  allegation in the SAC that Legacy did <u>not</u> intend to cause all of the alleged damage.

4  Plaintiff's citation to <u>State Farm Fire & Casualty Co. v. Superior Court</u> (June 26,
5  2998) — Cal.App.4th — , 2008 WL 2524668, likewise is not helpful to plaintiff.  In
6  <u>State Farm</u>, the court concluded there was an accident, and thus an occurrence, because

7  "Although he deliberately picked Wright up and threw him
8  at the pool, Lint did not intend or expect the consequence,
9  namely, that Wright would land on a step. . . . It is
10  undisputed that Lint did not intend to hurt Wright; he merely
11  intended that Wright land farther out into the water and 'get
12  . . . wet.' . . . Stated otherwise, the act directly responsible for
13  Wright's injury, throwing too softly so as to miss the water,
14  was an unforeseen or undesigned happening or consequence
15  and was thus fortuitous." [Italics and citation omitted]

16  Here, plaintiff does not and cannot identify an analogous allegation in the SAC,
17  or underlying discovery responses, that would support a finding of an accident.
18  Wellington alleged plaintiff intentionally placed heavy construction equipment and
19  materials on the Wellington property, intentionally removed storm and pollution work
20  that Wellington had completed, and intentionally constructed subterranean tie-backs
21  beneath Wellington's property.  The <u>State Farm</u> case involved testimony from the
22  insured that he did <u>not</u> intend to cause injury.  There is no corresponding testimony in
23  this case that Legacy did not intend to engage in any of the at-issue conduct or resulting
24  consequences.  There is likewise no allegation by Wellington, or evidence that Legacy
25  did not intend any of the consequences of its actions.

26  The inescapable conclusion is that there was no occurrence and thus no coverage
27  obligation under Clarendon's policy.

28  While unnecessary for ruling upon the instant motion, Clarendon notes for the

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  record that under no circumstances would Clarendon have owed a duty to defend

2  Legacy in the underlying case. Legacy's extensive citation to duty defend cases is thus

3  misleading to the court. Plaintiff bears the burden of establishing that the allegations

4  in the underlying action were such to trigger Clarendon's duty to reimburse defense

5  costs, or duty to indemnify. Plaintiff has not and cannot meet that burden. Clarendon's

6  Motion should, therefore, be granted, without leave to amend.

7

8  **5.    THERE WAS NO BREACH OF THE IMPLIED COVENANT OF**

9        **GOOD FAITH AND FAIR DEALING.**

10        As set forth in Clarendon's moving papers, California law supports the

11  conclusion that there can be no breach of the implied covenant of good faith and fair

12  dealing when there is no breach of the insurance contract. As set forth above and in

13  Clarendon's moving papers, there was no breach of contract and thus there was no

14  breach of the implied covenant of good faith and fair dealing.

15        Plaintiff's purported citations to the contrary miss the mark. In <u>Guebara v.</u>

16  <u>Allstate Insurance Co.</u> (9th Circuit 2001) 237 F.3d 987, the court found there was no bad

17  faith. Not only is plaintiff's suggestion that the "court specifically noted that there are

18  many situations where a bad faith claim can exist without coverage" at best a creative

19  characterization, which Clarendon frankly thinks is inaccurate, it is at best dicta since

20  the court affirmed the trial court's grant of summary judgment on the bad faith cause

21  of action. The same is true as respects plaintiff's citation to <u>Adams v. Allstate</u>

22  <u>Insurance Co.</u> (C.D. Cal. 2002) 187 F.Supp.2d 1219. In that case the court likewise

23  granted the insurer's summary judgment motion on a bad faith cause of action. Any

24  suggestion by the District Court under what circumstances a bad faith claim may exist

25  even absent coverage is likewise dicta. Similarly, plaintiff cites to <u>Murray v. State</u>

26  <u>Farm Fire & Casualty Co.</u> (1990) 219 Cal.App.3d. 58, 65-66 where the court noted:

27

28        "Having properly found in favor of State Farm on the

contract causes of action, the trial court correctly granted summary judgment as to the tort and statutory causes of action as well."

The court then noted, in dicta, that there may be unusual circumstances in which an insurance company could be liable to its insured for tortious bad faith despite the fact that the insurance contract did not provide for coverage, such as an unreasonable delay in performing an investigation of a claim with the insured suffering consequential loss as a result of the delay. Not only is that comment dicta, there are no similar allegations in this particular case.

Further, all of these dicta cases are true <u>first</u> party cases. None of them involve an underlying <u>third</u> party lawsuit. They are thus wholly distinguishable on this ground. Plaintiff cites to no <u>third</u> party cases where the court found the plaintiff able to state a cause of action for breach of the implied covenant of good faith and fair dealing where the insurer properly denied defense (or reimbursement of defense costs) and indemnity.

As such, Clarendon's Motion to Dismiss the Second Cause of Action in the Complaint should likewise be granted.

### 6.    <u>CONCLUSION.</u>

Wellington sued Legacy in the underlying action because Legacy engaged in a series of intentional conduct which Wellington alleged caused it harm. Most of the harm alleged by Wellington falls outside the definition of "property damage" in Clarendon's policy. Because there was no accident, there was no occurrence as defined in Clarendon's policy and California law, and Clarendon's coverage obligations were not triggered.

Similarly, the allegations in the underlying action triggered no coverage obligation under the "personal injury" portion of the policy.

Nothing in the Complaint supports a contrary conclusion. Nothing in the

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1  Complaint supports a determination that Clarendon waived, or is estopped from

2  asserting its right to deny coverage to Wellington.

3      Because there was no breach of contract, there could be no breach of the implied

4  covenant of good faith and fair dealing.

5      Clarendon thus respectfully urges the court to grant its motion to dismiss, in its

6  entirety.  Because it is clear amendment would be fruitless, the court should grant

7  Clarendon's motion without leave to amend.

8

9

10  DATED:  July 11, 2008                    Respectfully submitted,

11                                           HARRINGTON,    FOXX,    DUBROW    &
                                             CANTER, LLP
12

13

14  By:   /s/ Kevin P. McNamara
          KEVIN P. McNAMARA
          Attorneys for Defendant,
15        CLARENDON AMERICA INSURANCE
          COMPANY
16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CLARENDON'S MOTION TO DISMISS

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

1

**PROOF OF SERVICE**

2

**(Re: Legacy Partners v. Clarendon)**

3

4   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5          I am employed in the County of Los Angeles, State of California.  I am over the

6   age of 18 and not a party to the within action.  My business address is 1055 West

7   Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

8          On **July 11, 2008**, I caused to be served the foregoing document described as

9   **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

10  **CLARENDON AMERICA INSURANCE COMPANY'S MOTION TO DISMISS**

11  on all interested parties in this action as follows:

12  Susan Page White, Esq.  - whites@dicksteinshapiro.com

13  Dickstein Shapiro LLP - bossd@dicksteinshapiro.com

14

15  **[X]    VIA ELECTRONIC MAIL -** all parties listed above have been served via

16          electronic mail through the court's CM/ECF system, which automatically

17          generates a Notice of Electronic Filing (NEF) allowing registered e-filers to

18          retrieve the document.

19          Executed on **July 11, 2008**, at Los Angeles, California.

20  **X**    (Federal)    I declare that I am employed in the office of a member of the bar of

21                  this Court at whose direction the service was made.

22

23                          /s/ Kevin P. McNamara
                            KEVIN P. McNAMARA

24

25

26

27

28

**HARRINGTON, FOXX, DUBROW & CANTER, LLP**
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222