DALE B. GOLDFARB, State Bar No. 65955
KEVIN P. McNAMARA, State Bar No. 180690
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 623-7929

Attorneys for Defendant, CLARENDON AMERICA INSURANCE COMPANY erroneously sued herein as Clarendon American Insurance Company

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

LEGACY PARTNERS, INC, a Delaware corporation,

Plaintiff,

v.

CLARENDON AMERICAN INSURANCE COMPANY, and DOES 5 through 10,

Defendants.

CASE NO. CV0920BTMCAB

The Hon. Barry Ted Moskowitz

Action Filed: December 7, 2007

**NOTICE OF FILING EXHIBIT "B" TO PLAINTIFF'S COMPLAINT, WHICH IS ATTACHED AS EXHIBIT "A" TO DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendant Clarendon America Insurance Company hereby files Exhibit "B" to plaintiff's Complaint, which was attached to Clarendon's Notice of Removal as Exhibit "A", as that document was inadvertently omitted from the previously filed Notice of Removal. Exhibit "B" is the Second

/ / /

/ / /

/ / /

/ / /

/ / /

Amended Complaint in the underlying action, entitled The Wellington Group, LLC v. State of California, et al., San Diego County Superior Court Case No. GIC 837898.

DATED: August 21, 2008

Respectfully submitted,

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /s/ Kevin P. McNamara
KEVIN P. McNAMARA
Attorneys for Defendant,
CLARENDON AMERICA INSURANCE COMPANY

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**PROOF OF SERVICE**

**(Re: Legacy Partners v. Clarendon)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1055 West Seventh Street, 29th Floor, Los Angeles, California 90017-2547.

On **August 21, 2008**, I caused to be served the foregoing document described as **NOTICE OF FILING EXHIBIT "B" TO PLAINTIFF'S COMPLAINT, WHICH IS ATTACHED AS EXHIBIT "A" TO DEFENDANT'S NOTICE OF REMOVAL** on all interested parties in this action as follows:

Susan Page White, Esq. - whites@dicksteinshapiro.com
Dickstein Shapiro LLP - bossd@dicksteinshapiro.com

[X] **VIA ELECTRONIC MAIL -** all parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

Executed on **August 21, 2008**, at Los Angeles, California.

X (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Kevin P. McNamara
KEVIN P. McNAMARA

# Exhibit B

Terry J. Hellenkamp (SBN 129018)
Jeffrey B. Simenton (SBN 190662)
WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
Voice: 858.259.5009
Fax: 858.259.6008
E-mail: thellenkamp@wirtzlaw.com
E-mail: jsimenton@wirtzlaw.com

Attorneys for Plaintiff,
THE WELLINGTON GROUP, LLC

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO, CENTRAL DIVISION JUDICIAL DISTRICT**

| | |
|---|---|
| THE WELLINGTON GROUP, LLC<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION dba CALTRANS; LEGACY-RECP POINTE OPCO, LLC; LEGACY-RECP POINTE II OPCO, LLC; and DOES 1-50, inclusive,<br><br>Defendants. | Case Number: GIC 837898<br><br>**PLAINTIFF, THE WELLINGTON GROUP, LLC'S SECOND AMENDED COMPLAINT FOR:**<br><br>**(1) PERMANENT INJUNCTION**<br>**(2) BREACH OF CONTRACT**<br>**(3) TRESPASS (COUNTS I AND II)**<br>**(4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>**(5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>**(6) INVERSE CONDEMNATION**<br>**(7) NUISANCE**<br>**(8) NEGLIGENCE**<br><br>Trial Judge: Hon. Jay M. Bloom<br>Department: 70<br>Complaint filed: October 28, 2004<br>Trial Date: November 23, 2005 |

Plaintiff, THE WELLINGTON GROUP, LLC ("Plaintiff") alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff is and at all relevant times was a California Limited Liability Company, organized and existing under the laws of the State of California., with its principle place of business in San Diego County, State of California.

08-15-05

2. Defendant, STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION ("Caltrans") is and at all relevant times was a California public entity with offices in San Diego County.

3. Defendants, LEGACY-RECP POINTE OPCO, LLC; LEGACY-RECP POINTE II OPCO, LCC (collectively "Legacy") are limited liability companies duly organized and existing under the laws of the State of Delaware, but doing business in San Diego County, State of California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants are liable for each any every cause of action and fact alleged herein.

5. Plaintiff is the owner of the fee simple title to certain real property located directly adjacent to the I-15 consisting of parcels 1 and 2 of tract 16701, recorded on December 3, 1991 under Assessor's Parcel Number 678-252-10 and 678-252-11 (the "Wellington Property").

6. The Wellington Property consists of two (2) legal parcels. The Wellington Property has been graded, but lies in an undeveloped state. It is adjacent to the West side of the Interstate 15 Freeway, just North of the Bernardo Center Drive exit.

7. On or about September 29, 1989, a Highway Easement Deed was recorded which granted Caltrans an easement for a right of way over the Wellington Property known as a Highway Easement Deed ("Highway Easement"). (A true and correct copy of this Highway Easement is attached hereto as **"Exhibit 1"** and incorporated herein by reference).

8. Legacy now owns a parcel of real property directly adjacent to the Wellington Property consisting of 14.48 acres of commercial land in Rancho Bernardo, California near the I-15 freeway known as the Pointe Property (the "Pointe").

9. On December 17, 1997, Legacy, known then as Lincoln Property Company, Inc. and later Lincoln RECP Pointe OPCO and Lincoln RECP Pointe OPCO II (collectively,

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

"Legacy's predecessors"), entered into an agreement to purchase the Pointe. For the sake of simplicity, Plaintiff hereinafter refers to Legacy's predecessors and Legacy interchangeably.

10. The seller of the Pointe, a company known as Olympia & Chase, LLC ("Olympia") agreed to complete certain post-closing development obligations, including construction of a retaining wall contiguous to both the Wellington Property and the Pointe ("Keystone Wall").

11. As part of that development, on February 4, 1998, Olympia entered into an easement agreement with Plaintiff whereby Plaintiff granted Olympia a non-exclusive easement over one small corner of the Wellington Property to be used "solely for parking vehicles and/or vehicle and pedestrian ingress, egress and passage." (the "Parking Easement"). Legacy's rights under the Parking Easement are limited to parking only.

12. Escrow closed on the Pointe Property on February 9, 1998, with Legacy becoming the sole owner at that time.

13. In or about early 1999, Legacy first discovered alleged deficiencies at the Pointe Property, including alleged deficiencies with the Keystone Wall. Legacy notified the seller of the Point of its claims of alleged deficiencies. Legacy also knew of the alleged problems with the Keystone Wall by early 1999. Legacy also knew that it needed to obtain permission from Plaintiff to use the Wellington Property to make any repairs pursuant to the Parking Easement by early 1999.

14. On May 12, 2000, Legacy filed a lawsuit for alleged construction defects relating to the grading at the Pointe and construction of the Keystone Wall, alleging, among other things, slope instability and failure of the Keystone Wall. The case settled in 2003.

15. In early 2001, Legacy requested the right to enter the Wellington Property to perform maintenance and repairs of the Keystone Wall and to construct a new retaining wall. Plaintiff refused because it believed that all repairs or maintenance could be accomplished solely on the Pointe without the need to use its land and because the proposed work was unnecessary.

16. Legacy applied for an encroachment permit from Caltrans on or about March 6, 2001, which would provide Legacy access over the Wellington Property to perform repair work

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

on the Keystone Wall and construction of a new retaining wall without permission or compensation to Plaintiff ("Encroachment Permit"). Plaintiff believes that Caltrans lacks the authority to provide the Encroachment Permit to Legacy, given the scope of the work sought by Legacy and given the limited language in the Highway Easement. Plaintiff objected to Legacy making an end run around negotiations with Wellington for use of the Wellington Property. Plaintiff is informed and believes and thereon alleges that Legacy, in applying for the Encroachment Permit, believed that it could circumvent negotiations over use of the Wellington Property by convincing Caltrans of the necessity of its work for the sake of convenience and to get out of compensating Plaintiff for use of the Wellington Property.

17. In early 2004, Plaintiff was contacted regarding Caltrans' desire to widen the Interstate 15 ("I-15") freeway. Specifically, Caltrans sought to widen the southbound lanes of I-15 and construct a new offramp at Bernardo Center Drive in Rancho Bernardo, California. ("I-15 project")

18. As part of the I-15 project, Caltrans claimed it required access to the Wellington Property under the Highway Easement in order to complete the freeway widening and construction of a new offramp.

19. On or about April 14, 2004, Caltrans informed Plaintiff that it intended to issue Legacy the Encroachment Permit, which would be required for Legacy to enter Plaintiff's property to perform maintenance and repairs of the Keystone Wall on the Pointe and to construct a new retaining wall.

20. As part of the repair method being urged by Legacy for the Keystone Wall, Legacy approached Plaintiff and requested that the Plaintiff allow Legacy an easement over, across and under the Wellington Property for at least three (3) purposes:

a. for ingress, egress and construction staging of the site in order to allow Legacy to avoid using its own, already developed property for this purpose;

b. for easier access to repair the Keystone Wall; and

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

c. to place soil anchors under the Wellington Property allegedly to stabilize the soil and to construct a new retaining wall.

21. Legacy sought the Encroachment Permit from Caltrans to enter the Wellington Property for maintenance and repair of the Keystone Wall and construction of a new retaining wall with subterranean tie-backs on the Easterly portion of the Wellington Property and contiguous to the Pointe ("Caltrans Wall") without Plaintiff's consent. Caltrans issued the Encroachment Permit to Legacy on October 25, 2004.

22. Plaintiff is informed and believes and thereon alleges that the maintenance and repair of the Keystone Wall and construction of the Caltrans Wall by Legacy are not necessary since there is no deep seated ancient landslide, there is an appropriate factor of safety, there is no relation between Legacy's proposed work to the I-15 freeway project, the proposed work is not within the scope of the easements the under the Encroachment Permit, and installation of the subterranean tie-backs is not necessary because there are alternative and less intrusive designs. A report by a soils engineer, Christian Wheeler Engineering dated May 27, 2004, confirmed that no deep seated ancient landslide exists.

23. Plaintiff is informed and believes and thereon alleges that any repairs and maintenance that are required to the Keystone Wall can and should be accomplished entirely on Legacy's own property.

24. Plaintiff is informed and believes and thereon alleges that Legacy has sought the Encroachment Permit solely as means to reduce its costs of maintenance and repairs of the keystone retaining wall and to avoid any inconvenience to itself. However, Legacy's proposed maintenance and repairs can be completed entirely upon Legacy's own property, the Pointe, without the need to encroach onto the Wellington Property. There is no legitimate reason for Legacy to use the Wellington Property other than to harass, vex, unduly burden, and maliciously interfere with Plaintiff's property rights. Legacy's actions in obtaining a permit to encroach upon the Wellington Property have and will severely, significantly, and irreparably burden Plaintiff's own use and enjoyment of its property. Plaintiff has planned to develop the Wellington Property and construct two (2) commercial office buildings. Legacy's proposed

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

maintenance and repairs to the keystone wall, accomplished by encroaching onto the Wellington Property, will irreparably, severely, and unreasonably harm Plaintiff's attempts to develop the Wellington Property.

25. Plaintiff is informed and believes and thereon alleges that Caltrans has exceeded the scope and purpose of the Highway Easement by issuing to Legacy the Encroachment Permit to Legacy allowing access across Wellington Property.

26. Plaintiff is informed and believes and thereon alleges that the proposed repairs to and maintenance to the keystone retaining walls are unnecessary, that the Encroachment Permit sought by Legacy is outside the scope of the Highway Easement granted to Caltrans, and that Caltrans has no authority to allow Legacy to perform work unrelated to the I-15 project.

27. On October 18, 2004, Plaintiff received written notice from Caltrans that it was commencing construction in five (5) days, and was planning to allow Legacy to perform its maintenance and repairs to the keystone wall by using the Wellington Property without Plaintiff's consent, and was demanding Plaintiff to remove all impediments to that construction.

28. Caltrans has exceeded the authority and scope of the Highway Easement by issuing the Encroachment Permit. Caltrans did not have the authority to issue the Encroachment Permit to Legacy. The work contemplated by Legacy pursuant to the Encroachment Permit is not necessary because there is no ancient landslide. The work contemplated by Legacy under the Encroachment Permit has no relation to the I-15 freeway project and thus is not within the scope of the Highway Easement. The work contemplated by Legacy under the Encroachment Permit does not require the use of Wellington's property for installation of the subterranean tie-backs (i.e., alternative and less intrusive designs exist). The installation of subterranean tie-backs by Legacy will forever preclude Plaintiff from obtaining the "highest and best use" of its land.

29. Caltrans has "taken" the Wellington Property without just compensation. The *United States Constitution,* Amendment V provides that no person shall be deprived of property, without due process of law; nor shall private property be taken for public use without just compensation. In addition, the *California Constitution* Article I, §19 provides that private

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

property may be taken or damaged for public use only when just compensation has first been paid to the owner.

30. The scope of the Highway Easement is for the public purpose of constructing a freeway. Caltrans has exceeded the scope of this easement by issuing the Encroachment Permit to allow Legacy to perform unnecessary and harmful work without the consent of Plaintiff or compensation to Plaintiff. Permanent harm will result. Caltrans is not permitted to exceed the scope of the Highway Easement to unreasonably burden Plaintiff. Since Caltrans has unreasonably expanded the scope of the easement to increase the burden to Wellington's property contrary to the intended purpose, it loses its rights under the easement. Finally, Plaintiff is permitted to seek damages even if given the existence of the Highway Easement.

31. From the time when negotiations first began with Caltrans until the time of the issuance of the Encroachment Permit, Plaintiff had substantially complied with the California Tort Claims Act in *Government Code* §§815 and 905 by presenting its claim of dispute to Caltrans. Under *Government Code* §910, Plaintiff has substantially complied with the presentation of the claim to Caltrans because Caltrans has knowledge of: Plaintiff 's name and post office address; the post office address to which Plaintiff desired all notices to be sent; the date, place and other circumstances of the facts which gave rise to the claim asserted; a general description of the injury, damage or loss incurred, as known at the time of presentation of the claim, of the encroachment on the Wellington Property and the fact that the Encroachment Permit would prevent it from developing the property as planned. Plaintiff notified Caltrans of the identity of those causing the damage and injury to its property, namely Legacy and Caltrans. Plaintiff has substantially complied with all statutory bases for maintaining liability against Caltrans by virtue of its extensive meetings, discussions, correspondence, and negotiations between Plaintiff and Caltrans prior to initiating this lawsuit. Caltrans was aware within the statutory period, but well prior to initiation of this lawsuit of all the claims alleged by Plaintiff against it. Caltrans denied all claims, which prompted and permitted this lawsuit.

32. Plaintiff is permitted to maintain contract-based causes of action against Caltrans pursuant to *Government Code* §814, as well as pursuant to applicable case law. Plaintiff has

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

timely and substantially complied with the statutory requirements under *Government Code* §§815 and 905, as well as others, for presentment of its claim. Caltrans has denied this claim. Plaintiff has put Caltrans on notice that it is attempting to file a valid claim and that litigation will result if the matter is not resolved. Caltrans was not prejudiced by this substantial compliance and ultimate filing of this lawsuit.

33. Caltrans and Legacy knew of relationships between Plaintiff and third parties, including Kaiser Permanente and Center for Healthcare, by and through correspondence, verbal discussions, and prior meetings with representatives for Wellington and Legacy. Caltrans intended to disrupt and/or negligently disrupted the relationships with Wellington and these third parties by issuing the Encroachment Permit to Legacy, knowing that would irreparably harm the "highest and best use" of the Wellington Property.

34. Caltrans and Legacy failed to consider the facts and evidence presented by Plaintiff's experts stating that no ancient landslide exists, that Legacy's proposed work is unrelated to the I-15 Project, or that all such work could be performed on Legacy's own property without the need for issuance of the Encroachment Permit.

35. Caltrans and Legacy also intended to disrupt relationships with third parties for development of the Wellington Property by failing to consider alternative designs, as opposed to subterranean tie-backs which, if installed, will prevent Wellington from developing its property to the "highest and best use."

36. Plaintiff attempted to resolve the disputes informally with Legacy and Caltrans. Legacy usurped the negotiations with Wellington by applying for an Encroachment Permit from Caltrans. Plaintiff expressly informed the two that it intended to development the property such that the subterranean tie-backs would forever interfere with the planned development. Caltrans knew this, but issued the permit anyway.

37. Plaintiff has been unable to proceed with plans for development and marketing due to the present construction and repair work at the Wellington Property and the uncertainty of the state of this property following completion of such work. Legacy and Caltrans have engaged in wrongful conduct, including, but not limited to including, but not limited to:

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

exceeding the scope and purpose of the Highway Easement and issuing the Encroachment permit, which authorized illegal encroachment onto the Wellington Property; constructing of subterranean tie-backs using Wellington's property without permission; encroaching on the Wellington Property without permission; failing to compensate Plaintiff for the use of its land; failing to consider the impact on the Wellington Property by their actions; failing to investigate the existence of an ancient landslide, which necessitates the work; failing to consider alternative designs than installing tie-backs; failing to make necessary repairs to the Keystone Wall, causing Plaintiff damage; trespassing and encroaching onto the Wellington Property without permission and despite knowing of no reasonable basis to do so; damaging the work Plaintiff has performed on the Wellington Property; precluding Wellington from developing the property to its highest and best use. This wrongful conduct violates statutes and California law, including, but not limited to: *U.S. Constitution,* Amendment V; *California Constitution* (Art. I), §19; *Civil Code* §§ 808; 810; 811; 3479; 3481; *Government Code* §§ 814; 815, et. seq.; *State and Highway Code* §92, et. seq.; 660; 670, et. seq.

38. The wrongful conduct of Legacy and Caltrans has damaged Plaintiff. Once the subterranean tie-backs are in the ground, Plaintiff will not be able to continue with plans to develop the land to its "highest and best use." The encroachment would delay construction, result in placement of large earthmoving equipment on the Wellington Property, and prevent it from using the land for construction or improvements. Since the Encroachment Permit is valid for six (6) years, Plaintiff will lose this time for construction and/or marketing the Wellington Property for sale. The encroachment would irreparably and negatively impact the marketability of the Wellington Property, including the ability to sell the property, to show it to interested parties, to obtain loans, and to obtain financing for construction. The lost opportunities by tying up the Wellington Property for six (6) years would include the possibility of a declining market, rising interest rates, rising construction costs, loss of revenue or rents, and other lost opportunities.

39. The method of repairs and maintenance of the retaining walls by Legacy is not necessary. According to a independent report by Christian Wheeler Engineering, certain

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

retaining wall repairs are unnecessary as there is no ancient landslide. In addition, repairs are unwarranted since there is already an appropriate factor of safety on the Wellington Property. The harm is irreparable and ongoing as Legacy has already entered the Wellington Property to remove much of the storm and pollution work which Wellington has completed as part of the pre-development phase for the project. The repairs and maintenance of the keystone retaining walls by Legacy can be completed solely and entirely upon Legacy's own property, the Point, without the need to irreparably harm Plaintiff. Plaintiff believes it will not be able to construct the commercial building and underground parking structure with the work being undertaken by Legacy and Caltrans if the subterranean tiebacks are constructed as planned.

40. Plaintiff is not seeking to enjoin and/or restrain Caltrans from completing the I-15 Project. Plaintiff is seeking, however, to restrain and enjoin the construction of the Caltrans Wall, subterranean tie-backs, and other illegal uses of its property. Legacy is able to perform such work entirely on its own property and without the need to encroach upon Plaintiff's property. Caltrans' granting Legacy this permit exceeds the scope and reasonable use of the Highway Easement. Caltrans and Legacy's actions have harmed and damaged Plaintiff, as set forth below.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

**FIRST CAUSE OF ACTION**

**(Permanent Injunction)**

**(Against All Defendants)**

41. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 40 as though set forth in full at this point.

42. A permanent injunction is required to prevent Legacy from initiating and completing the installation of subterranean tie-backs and from further illegal use of the Wellington Property which will forever preclude Plaintiff from obtaining the "highest and best use" of its property. Plaintiff will suffer irreparable harm if this Court does not prevent Caltrans and/or Legacy from encroaching onto the Wellington Property without permission or compensation by placing construction equipment, failing to properly repair the Keystone Wall, and installation subterranean tie-backs for the Caltrans Wall for the following reasons:



a. Legacy has planned to construct two (2) commercial office buildings on the Wellington Property. Plans for construction are and have been ongoing. Plaintiff has negotiated with third parties, including Kaiser Permanente and Center for Healthcare, to construct an underground parking garage to maximize the usable space and profit from the Wellington Property. Should Legacy and/or Caltrans be allowed to illegally encroach on the Wellington Property, the commencement and completion of this construction would be harmed significantly and irreparably.

b. The placement of large earthmoving equipment and stockpiling soil on Plaintiff's property irreparably prevents Plaintiff from using the Wellington Property for construction and its own improvements.

c. The encroachment would irreparably and negatively impact the marketability of the Wellington Property, including the ability to sell the property, obtain loans, and to obtain financing for construction.

d. The extent of repairs and maintenance of the Keystone Wall urged by Legacy are not necessary. Legacy also does not need to construct the Caltrans Wall using subterranean tie-backs. The Christian Wheeler Engineering report confirmed that no ancient landslide exists.

e. Even if the repairs and maintenance of the Keystone Wall urged by Legacy is correct, the work can be completed solely and entirely upon Legacy's own property, the Pointe, without the need to irreparably harm and overly burden Plaintiff.

f. Plaintiff is prevented from obtaining the necessary permits, proceeding with designs, obtaining architectural plans, and otherwise complying with all necessary procedures for development of the Wellington Property in the manner intended due to Caltrans' issuing the Encroachment Permit to Legacy. Caltrans' and Legacy's actions have prevented Plaintiff from

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

proceeding as planned, subjecting Plaintiff to irreparable harm. Caltrans unlawfully and unreasonably exceeded the scope and purpose of the Highway Easement in issuing the Encroachment Permit to Legacy.

43. Plaintiff believes that it has no adequate remedy at law and pecuniary compensation would not afford adequate relief for the injuries which it has suffered and will suffer unless Legacy and Caltrans are ordered to refrain from encroaching onto the Wellington Property and to install the subterranean tie-backs. Unless or until a final adjudication on the merits, it is impossible for Plaintiff to determine the precise amount of monetary damage from Legacy's and Caltrans' prior and future actions. The installation of the subterranean tie-backs will permanently harm Plaintiff because it will not be able to develop the Wellington Property to its "highest and best use."

44. Plaintiff seeks to join all disputes surrounding the proposed encroachment permit into one action in order to avoid a multiplicity of lawsuits.

45. Plaintiff has other viable causes of action against both Caltrans and Legacy for money damages, as set forth more fully below. However, in the event such damages are unavailable, Plaintiff seeks a determination at trial that Legacy and Caltrans are prevented from proceeding with all work purportedly permitted by issuance of the Encroachment Permit, including, but not limited to, completion of the installation of the subterranean tie-backs, placement of construction equipment on the Wellington Property, and other illegal uses of Plaintiff's property without permission or compensation. Plaintiff is informed and believes and thereon alleges that the completion of the installation of these tie-backs will occur after completion of trial in this matter. Therefore, the relief sought is appropriate.

**SECOND CAUSE OF ACTION**

**(Breach of Contract)**

**(Against Caltrans and Does 1-5 Only)**

46. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 45 as though set forth in full at this point.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

47. Caltrans entered into a contract in the form of the Highway Easement via corporate donation by Plaintiff's predecessor, who owned the Wellington Property now owned by Plaintiff, which granted Caltrans an easement for a limited right of way over two parcels of the Wellington Property. (**"Exhibit 1"**). When it purchased the Wellington Property, Plaintiff assumed the contract from its predecessor as a successor in interest. It was neither foreseeable nor likely at the time that Caltrans would ever abuse its rights under the Highway Easement to overly burden the Wellington Property as it does here. The language of the Highway Easement is limited to uses for a public purpose and permits Plaintiff to develop either parcel 1 or 2 of the Wellington Property. Plaintiff was informed and believed at the time it assumed the contract – Highway Easement – that Caltrans would not unreasonably refuse any such development, as is sought here. Plaintiff had no reason to believe Caltrans would issue the Encroachment Permit to Legacy as it has done here.

48. The Highway Easement is limited to the purpose of granting the right to Caltrans to construct public roadways in furtherance of the State of California's public highway system. Caltrans does not have unfettered access to the Wellington Property. Caltrans is seeking unreasonably and unlawfully to expand this purpose to include the proposed maintenance and repairs contemplated by Legacy, including work on a new Caltrans Wall with installation of subterranean tie-backs beneath the Wellington Property and repairs of the existing Keystone Wall, which will forever preclude Plaintiff from obtaining the "highest and best use" of the Wellington Property. Plaintiff still retains the right to develop and to seek remedies for damage to the Wellington Property despite the existence of the Highway Easement. The language of the Highway Easement is limited to the public purpose of constructing a freeway, but does not restrict Plaintiff from seeking to develop the Wellington Property in the manner intended. Caltrans is prohibited from unreasonably denying any request to develop either parcel of the Wellington Property.

49. Caltrans further breached of the Highway Easement by issuing the Encroachment Permit to Legacy and permitting intrusion onto the Wellington Property in the following ways:

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

a. Refusing to consider alternative designs than the installation of subterranean tie-backs;

b. Failing to consider opinions of experts contending that the Caltrans Wall need not be constructed because there was no slope instability and an appropriate factor of safety;

c. Failing to consider that the work contemplated by Legacy pursuant to the Encroachment Permit is not necessary because there is no ancient landslide;

d. Failing to consider that the work contemplated by Legacy under the Encroachment Permit has no relation to the I-15 freeway project and thus is not within the scope of the Highway Easement;

e. Failing to consider that the work contemplated by Legacy under the Encroachment Permit does not require the use of Plaintiff's property for installation of the subterranean tie-backs (i.e., alternative and less intrusive designs exist);

f. Failing to perform due diligence to determine the negative impact of Legacy's work on Plaintiff and the Wellington Property or the soils conditions, which allegedly require the repair and construction work;

g. Proceeding with issuing the Encroachment Permit without the permission of Plaintiff or providing compensation to Plaintiff; and

h. Abusing the authority granted to it by the Highway Easement by arbitrarily and capriciously issuing the Encroachment Permit to Legacy.

50. There is an implied covenant of good faith and fair dealing in all contracts. Plaintiff had no awareness, knowledge or foreseeability that Caltrans would breach the contract – Highway Easement – by issuing the Encroachment Permit to Legacy as it has done here. Caltrans' granting the Encroachment Permit is unlawful, unnecessary, and impermissible under California statute and case law. The scope of the Encroachment Permit exceeds any reasonable power granted in the Highway Easement to Caltrans. The I-15 project has nothing to do with

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

the repairs and construction proposed by Legacy. Legacy has encroached onto the Wellington Property unlawfully and without Plaintiff's permission or providing any compensation to Wellington. Legacy plans to and/or has constructed a the Caltrans Wall utilizing subterranean tie-backs underneath the Wellington Property which Wellington believes will forever preclude Plaintiff from obtaining the "highest and best use" of its property. Plaintiff never provided consent or permission to the encroachment on the Wellington Property. Plaintiff has never been compensated for this encroachment.

51. The Highway Easement does not require Plaintiff to consent to the use of the Wellington Property in the manner sought by Legacy and Caltrans. Plaintiff complied with all provisions under the California Tort Claims Act by providing Caltrans notice, both verbally and in writing, of Plaintiff's name, address, and contact information as well as details of all issues subject to litigation if the matter was not resolved in substantial compliance. When Caltrans refused Plaintiff's claim, Wellington filed a complaint. As a result of Caltrans' actions, Plaintiff has been damaged in an amount to be proven at trial.

52. Plaintiff has performed all provisions, promises, conditions, and covenants in connection with the Highway Easement. Plaintiff is excused from performing on the contract (Highway Easement) because Caltrans has abused its authority in issuing the Encroachment Permit to Legacy without any regard to Plaintiff's plans for development, without Plaintiff's permission, and without any compensation whatsoever for the permanent use of the Wellington Property. As a result, Plaintiff is excused from having to adhere to the granting of any use or easements over the Wellington Property. Plaintiff is willing to and has permitted reasonable use of its property consistent with the Highway Easement. Caltrans' issuance of the Encroachment Permit is not a reasonable use of this easement. For all of the foregoing reasons, Plaintiff is excused from performance under the contract (Highway Easement), including, but not limited to, allowing Caltrans and/or Legacy to encroach and intrude upon its land without permission or compensation.

53. Plaintiff is permitted to maintain contract-based causes of action against Caltrans pursuant to *Government Code* §814, as well as applicable case law. *Government Code* §814

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

officers, employers, and principals of Legacy and Caltrans, also includes exceeding the scope and purpose of the Highway Easement and issuing the Encroachment Permit, which authorized illegal encroachment onto the Wellington Property;

f.    Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes failing to consider the impact on the Wellington Property by their actions;

g.    Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes failing to investigate the existence of an ancient landslide, which necessitates the work, failing to consider alternative designs than installing tie-backs, failing to make necessary repairs to the Keystone Wall, causing Plaintiff damage; and

h.    Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes violation of statutes and California law, including, but not limited to: *U.S. Constitution,* Amendment V; *California Constitution* (Art. I), §19; *Civil Code* §§ 808; 810; 811; 3479; 3481; *Government Code* §§ 814; 815, et. seq.; *State and Highway Code* §92, et. seq.; 660; 670, et. seq.

110.    The aforementioned unreasonable and substantial conduct of Defendants therefore constitutes a nuisance within the meaning of *Civil Code* sections 3479 and 3481, in that it was injurious to Plaintiff's free use of the Wellington Property, the plans for development of the Wellington Property, and interfered with Plaintiffs' use and enjoyment of the Wellington Property. The unreasonable conduct of Caltrans and Legacy was a substantial factor in damages suffered by Plaintiff, causing unreasonable and substantial harm as well as actual damage to Plaintiffs in an amount and/or degree to be proven at trial. The substantial harm and actual

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

damage included damage to the property, loss of rights to use of the property, encroachment onto the property, trespass on the property, out of pocket damages to repair, loss of profits, construction delays, inability to developer and/or market the property, and damage to property from the installation and repairs of the keystone walls.

111. Plaintiffs gave reasonable notice to Caltrans and Legacy of the problems encountered by the aforementioned conduct which constituted a nuisance, the damage caused by the nuisance, the permanency of the damage caused, and requested its abatement. However, Defendants refused to abate the nuisance by stopping the unreasonable conduct, remedying work already completed, and refusing to alter the method of planned construction. Plaintiffs also demanded that Caltrans not issue an encroachment permit to Legacy, but Caltrans unreasonably and mistakenly issued said permit anyway. Plaintiff finally pointed out that the physical intrusion and encroachment onto the Wellington Property violated the reasonable use of any alleged easements or rights of way, but Caltrans refused to prevent Legacy from continuing their actions and issued the encroachment permit.

112. From the time when negotiations first began with Caltrans until the time of the issuance of the Encroachment Permit, Plaintiff had substantially complied with the California Tort Claims Act in *Government Code* §§815 and 905 by presenting its claim of dispute to Caltrans. Under *Government Code* §910, Plaintiff has presented a claim to Caltrans which indicated Plaintiff 's name and post office address; the post office address to which Plaintiff desired all notices to be sent; the date, place and other circumstances of the facts which gave rise to the claim asserted; a general description of the injury, damage or loss incurred, as known at the time of presentation of the claim, of the encroachment on the Wellington Property and the fact that the Encroachment Permit would prevent it from developing the property as planned; and notifying Caltrans of the identity of those causing the damage and injury to its property, namely Legacy and Caltrans. Therefore, this cause of action is properly pleaded against Caltrans. There is no statute which precludes liability against Caltrans for nuisance.

113. Plaintiff has substantially complied with all statutory bases for maintaining liability against Caltrans by virtue of its extensive meetings, discussions, correspondence, and

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

negotiations between Plaintiff and Caltrans prior to initiating this lawsuit. Caltrans was aware within the statutory period, but well prior to initiation of this lawsuit of all the claims alleged by Plaintiff against it. Caltrans denied all claims, which prompted this lawsuit.

114. Plaintiffs are informed and believe that as a further proximate result of the nuisance, in addition to the damages listed above, the value of the Wellington has been diminished by an amount according to proof and Plaintiff is entitled to past and future economic and non-economic damages. Plaintiff is also entitled to the diminished market value of Plaintiff's interest in the Wellington Property, damages for loss of use, and/or the loss in fair rental value of the property during the loss of use while the nuisance lasts.

**EIGHTH CAUSE OF ACTION**

**(Negligence)**

**(Against Legacy and Does 26-50 Only)**

115. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 114 as though set forth in full at this point.

116. At all relevant times, Legacy, including Does 26 through 50, owed Plaintiff a duty of care.

117. At all relevant times, Legacy, including Does 26 through 50, failed to exercise reasonable care and skill in undertaking to perform services, including, but not limited to constructing, repairing, designing, inspecting, hiring, consulting, monitoring, cleaning up, and recommending materials, services, and construction methods in connection with the retaining walls on the Wellington Property and Pointe Property. Legacy, including Does 26 through 50 have already entered the Wellington Property to remove much of the storm and pollution work which Wellington Group has completed as part of the pre-development phase, causing erosion and other damage. Legacy, including Does 26 through 50 failed also caused damage to the Wellington Property by placement of heavy construction equipment, materials, and vehicles causing other damage and defective conditions not presently known, but which will be inserted herein via amendment, should discovery or other sources provide a basis to do so prior to or during the time of trial.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009



118. Plaintiff further informed and believes and thereon alleges that Legacy including Does 26 through 50, negligently and carelessly failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damages, as required by law, which could have been prevented by reasonable efforts on the part of Legacy, including Does 26 through 50 or by expenditures which should have been made in the exercise of due care.

119. Plaintiff is informed and believes, and based thereon alleges that had Legacy, including Does 26 through 50, exercised proper care and skill in undertaking to perform services, including, but not limited to constructing, repairing, designing, inspecting, hiring, consulting, monitoring, cleaning up, and recommending materials, services, and construction methods for the retaining walls on the Wellington Property and the Pointe, Plaintiff would not have incurred expenses, damages, construction delays, loss of marketing opportunities, development of the Wellington Property to its "highest and best use," inability to construct a subterranean parking garage, potential exposure to lawsuits from others, attorney's fees, costs, and other losses.

120. Plaintiff is further informed and believes and thereon alleges that the failures and damages alleged by Plaintiff in this matter occurred because of the negligence of Legacy, including Does 26 through 50.

121. As a proximate result of such negligence on the part of Legacy, including Does 26 through 50, Plaintiff has been damaged in an amount to be proven at trial but in amount in excess of this court's jurisdiction as well as incurring past and future costs for attorney's fees, expenses, expert fees, consultation fees, investigation costs, repair costs, as well as other damages and costs arising out of the negligent acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as follows:

**As to the First Cause of Action:**

1. For a permanent injunction against Caltrans and Legacy prohibiting the installation of subterranean tie-backs underneath the Wellington Property and for use of the Wellington Property for any purpose which exceeds the scope of the Highway Easement;

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

2.    For a permanent injunction barring Legacy including its agents, servants, employees, assigns and all those acting in concert with Legacy, from encroaching upon Plaintiff's property without Plaintiff's permission for any reason, including, but not limited to, maintaining and/or repairing the Keystone Wall;

3.    For a permanent injunction barring Caltrans, including its agents, servants, employees, assigns and all those acting in concert with Caltrans, from issuing another encroachment permit which exceeds the scope and purpose of the Highway Easement and which permits use of the Wellington Property without Plaintiff's consent or compensation for any such unreasonable purpose; and

4.    For such other and further relief as the Court may deem proper.

**As to the Second Cause of Action:**

1.    For compensatory and consequential damages in an amount according to proof;

2.    For prejudgment interest at the maximum legal rate;

3.    For reasonable attorney's fees and costs, the exact amount according to proof;

4.    For past and future loss of use and loss of business caused by construction delays;

5.    Diminution in value of the properties; and

6.    Such other relief as the Court deems just and proper.

**As to the Third Cause of Action (Counts I and II):**

1.    For compensatory and consequential damages in an amount according to proof;

2.    For prejudgment interest at the maximum legal rate;

3.    For reasonable attorney's fees and costs, the exact amount according to proof;

4.    For past and future loss of use and loss of business caused by construction delays;

5.    For diminution in value of the properties; and

6.    For such other relief as the Court deems just and proper.

**As to the Fourth Cause of Action:**

1.    For compensatory and consequential damages in an amount according to proof;

2.    For prejudgment interest at the maximum legal rate;

3.    For reasonable attorney's fees and costs, the exact amount according to proof

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

4.    For past and future loss of use and loss of business caused by construction delays;

5.    For diminution in value of the properties;

6.    For punitive damages; and

7.    For such other relief as the Court deems just and proper.

**As to the Fifth Cause of Action:**

1.    For compensatory and consequential damages in an amount according to proof;

2.    For prejudgment interest at the maximum legal rate;

3.    For reasonable attorney's fees and costs, the exact amount according to proof;

4.    For past and future loss of use and loss of business caused by construction delays;

5.    For diminution in value of the properties; and

6.    For such other relief as the Court deems just and proper.

**As to the Sixth Cause of Action:**

1.    For compensatory and consequential damages for "just compensation" in an amount according to proof;

2.    For prejudgment interest at the maximum legal rate;

3.    For past and future loss of use, lost profits, and loss of business;

4.    For diminution in value of the properties; and

5.    For reasonable costs, disbursements, expenses, including attorney's fees, appraisal, and engineering fees incurred in an amount to be proven at trial pursuant to *Code of Civil Procedure* §1036; and

6.    For such other relief as the Court deems just and proper.

**As to the Seventh Cause of Action:**

1.    For compensatory and consequential damages, including past and future economic and non-economic damages, for in an amount according to proof;

2.    For past and future loss of use, lost profits, and loss of business;

3.    For diminution in value of the properties; and

4.    For such other relief as the Court deems just and proper.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

**As to the Eighth Cause of Action:**

1. For any and all damages according to proof for negligence, including compensatory and consequential damages, as well as past and future economic and non-economic damages, in an amount according to proof;
2. For all other costs of suit incurred herein; and
3. For such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**

DATED: August 15, 2005

**WIRTZ HELLENKAMP LLP**

By: ______________________

Terry J. Hellenkamp
Jeffrey B. Simenton
Attorneys for Plaintiff
THE WELLINGTON GROUP, LLC

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

**EXHIBIT "1"**

P.02 JUN-17-2004 06:57

#4 & #5

STATE BUSINESS
STATE OF CALIFORNIA
HIGHWAY USAGE
ORIGINAL
STATE BUSINESS FREE
GOVT CODE 6103
DEPT. OF TRANSPORTATION
DISTRICT 11

When recorded mail to
Dept. of Transportation
District 11
P. O. Box 85406
San Diego, CA 92138-5406

2000

89 526799

89 SEP 29 PM 1:13

VERA L. LYLE
COUNTY RECORDER

NO FEE

OFFICIAL RECORDS SAN DIEGO COUNTY VERA L. LYLE RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $

# HIGHWAY EASEMENT DEED
(CORPORATION)
DONATION

| DISTRICT | COUNTY | ROUTE | POST MILE | NUMBER |
|---|---|---|---|---|
| 11 | SD | 15 | 22.7 | R/W 24573-1,2 |

Home Capital Corporation

a corporation organized and existing under and by virtue of the laws of the State of California

does hereby grant, convey and dedicate to the STATE OF CALIFORNIA, the right of way and incidents thereto for a public highway upon, over and across that certain real property in the City of San Diego

without any demand for monetary or other consideration

County of San Diego, State of California, described as:

PARCEL 1:

An easement for right of way in and to that portion of Rancho San Bernardo according to Map thereof recorded August 21, 1883 in Book 2, Page 62 of Patents in the Office of the County Recorder of said San Diego County, described as follows:

Beginning at the intersection of the Westerly line of land described in deed to the State of California recorded July 14, 1948 in Book 2871, Page 97 of Official Records of San Diego County with the Northerly line of Bernardo Center Drive as described in Parcel 2 of deed recorded May 15, 1964 as Instrument No. 88235 of said Official Records; thence (1) along said Westerly line N.06°03'19"E., 743.51 feet; thence (2) N.83°54'35"W., 16.00 feet to the Southeasterly line of Lot 12 of Bernardo Industrial Park Unit No. 9 according to Map thereof No. 6513 filed in the Office of said County Recorder; thence (3) along said Southeasterly line S.63°04'10"W., 70.05 feet; thence (4) leaving said Southeasterly line S.05°21'47"W., 76.92 feet;

2001

- 2 -

thence (5) S.06°16'44"W., 157.00 feet; thence (6) S.26°28'12"W., 213.60 feet; thence (7) S.40°16'30"W., 200.45 feet; thence (8) S.06°23'31"W., 184.64 feet; thence (9) S.12°20'03"E., 29.00 feet to said Northerly line of said Bernardo Center Drive; thence (10) along said Northerly line N.77°39'37"E., 248.94 feet; thence (11) along a tangent curve to the left, with a radius of 1549.00 feet, through an angle of 01°58'25", a distance of 53.36 feet to the point of beginning.

PARCEL 2:

An easement for right of way in and to that portion of Rancho San Bernardo according to Map thereof recorded August 21, 1883 in Book 2, Page 482 of Patents in the Office of the County Recorder of San Diego County, said easement for right of way being bounded as follows: on the South by the Northerly line of Bernardo Center Drive as described in Parcel 2 of deed recorded May 15, 1964 as Instrument No. 88235 of Official Records of said County; on the North by the Southeasterly line of Lot 12 of Bernardo Industrial Park Unit No. 9 according to Map thereof No. 6513 filed in the Office of said County Recorder; on the East by the Westerly boundary of land as described in Parcel 1 above; on the West by the Easterly line of Lot 11 of Bernardo Industrial Park Unit No. 8 according to Map thereof No. 6293 filed in the Office of said County Recorder.

As to PARCEL 1 above:

This conveyance is made for the purposes of a freeway and the grantor hereby releases and relinquishes to the grantee any and all abutter's rights of access, appurtenant to grantor's remaining property, in and to said freeway over and across courses (4) through (9); also release and relinquishes any and all other abutter's rights other than access appurtenant to said remaining property in and to said freeway.

As to PARCEL 2 above:

Reserving therefrom for the benefit of Grantor; the right to non-exclusive use over any portion of the property; provided however, that such non-exclusive use does not interfere with the easement granted herein to the State of California. Such use shall include, but not be limited to, the right of access, ingress, and egress, together with the installation of structures or other improvements, all subject to the prior approval of the State of California, provided however that such approval will not unreasonably be withheld.

2002

- 3 -

The bearings and distances used in the above descriptions are on the California Coordinate System of 1927, Zone 6. Multiply all distances used in the above descriptions by 1.0000521 to obtain ground level distances.

2/3/89

This real property description has been prepared by me, or under my direction, in conformance with the Professional Land Surveyors Act.

Signature: [signature]
Registered Professional Engineer

Date: 11 Feb 89

RECORDS, SAN DIEGO COUNTY, VERA L. LYLE, RECORDER

1





2003

The grantor hereby further grants to grantee all trees, growths (growing or that may hereafter grow), and road building materials within said right of way, including the right to take water, together with the right to use the same in such manner and at such locations as said grantee may deem proper, needful or necessary, in the construction, reconstruction, improvement or maintenance of said highway.

The grantor, for itself, its successors and assigns, hereby waives any claim for any and all damages to grantor's remaining property contiguous to the right of way hereby conveyed by reason of the location, construction, landscaping or maintenance of said highway.

IN WITNESS WHEREOF, said corporation has caused its corporate name to be hereunto subscribed and its corporate seal to be affixed hereto this 23 day of May, 1989.

HOME CAPITAL CORPORATION, A CALIFORNIA CORPORATION

By [signature] VICE President

By Donald P. Faye Vice President Secretary

STATE OF CALIFORNIA
County of San Diego } ss.

[CORPORATE SEAL]

On May 23 1989 before me, the undersigned, a Notary Public in and for said County and State, personally appeared [illegible] and Donald P. Faye

☑ personally known to me.
☐ proved to me on the basis of satisfactory evidence,

to be the person who executed the within instrument as the Vice President and Vice President Secretary, respectively, of Home Capital Corporation, and acknowledged to me that the corporation executed it.

WITNESS my hand and official seal.

(for notary seal or stamp)
OFFICIAL SEAL
PATRICIA URBINA
NOTARY PUBLIC CALIFORNIA
Principal Office in San Diego County
My Commission Expires Dec. 28, 1992

Signature Patricia Urbina
Notary Public in and for said County and State

(CERTIFICATE OF ACCEPTANCE, GOVERNMENT CODE, SECTION 27281)

THIS IS TO CERTIFY, That the State of California, grantee herein, acting by and through the Department of Transportation, hereby accepts for public purposes the real property, or interest therein, conveyed by the within deed and consents to the recordation thereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 19th day of September, 1989.

Robert K. Best
Director of Transportation

By [signature]

EDWARD H. [illegible]
DEPUTY DISTRICT DIRECTOR
RIGHT OF WAY, DISTRICT 11
Attorney in Fact

Page 2 of 2

Terry J. Hellenkamp, Bar #129018
WIRTZ ✦ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone (858) 259-5009
Fax: (858) 259-6008
E-mail: thellenkamp@wirtzlaw.com

The Wellington Group v. State of California, Department of Transportation dba Caltrans, et al.
San Diego Superior Court Case No. GIC 837898

## DECLARATION OF SERVICE

I, Brenda L. Truesdale, declare I am over the age of eighteen (18) years and not a party to this action. I am employed in the County of San Diego, State of California, within which County the subject service occurred. My business address is 12760 High Bluff Drive, Suite 300, San Diego, California 92130. My business telephone number is (858) 259-5009.

On August 15, 2005, I served the following document(s) described as:

**PLAINTIFF, THE WELLINGTON GROUP, LLC'S SECOND AMENDED COMPLAINT FOR: (1) PERMANENT INJUNCTION; (2) BREACH OF CONTRACT (3) TRESPASS (COUNTS I AND II); (4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; (5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; (6) INVERSE CONDEMNATION; (7) NUISANCE; (8) NEGLIGENCE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Sari P. Myers, Esq.<br>State of California<br>Department of Transportation<br>610 West Ash Street, Suite 1005<br>San Diego, CA 92101<br>Phone: (619) 645-2412<br>Fax: (619) 645-2420 | Attorneys for Defendant<br>STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION dba CALTRANS |
| Sandi L. Nichols, Esq.<br>Stoel Rives LLP<br>111 Sutter Street, Suite 700<br>San Francisco, CA 94104<br>Phone: (415) 617-8900<br>Fax: (415) 676-3000 | Attorneys for Defendants<br>LEGACY-RECP POINTE OPCO, LLC and LEGACY-RECP POINTE II OPCO, LLC. |

///

///

(X) BY U.S. MAIL: I deposited each such envelope in the United States Postal Service at San Diego, with post age prepaid thereon. I am readily familiar with our law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s) VIA ADVANCED ATTORNEYS SERVICE.

( ) BY FACSIMILE TRANSMITTAL: I sent the above document to the facsimile number listed with each addressee above. The foregoing document was transmitted and reported as complete and without error.

( ) BY OVERNITE EXPRESS (Overnight mail service).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 15, 2005, at San Diego, California.

Brenda L. Truesdale

Brenda L. Truesdale

states that a private party may maintain a breach of contract cause of action against a public entity, where that public entity enters into a contract with the private party, without the need for formal presentment of the claim under *Government Code* §§815 and 905. Caltrans is a public entity subject to *Government Code* §814. There is no statute which precludes a lawsuit against Caltrans for breach of contract. Even if Plaintiff were required to comply with *Government Code* §§815 and 905, it has substantially complied with these statutory requirements under, as well as others, for presentment of its claim. Caltrans has denied this claim. Plaintiff has put Caltrans on notice that it is attempting to file a valid claim and that litigation will result if the matter is not resolved. Caltrans was not prejudiced by this substantial compliance and ultimate filing of this lawsuit.

54. As an actual and proximate result of Caltrans' breach, Plaintiff has incurred actual damages in an amount to be ascertained according to proof at trial. In addition, Plaintiff has incurred general and consequential damages in an amount to be shown according to proof at trial.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

**THIRD CAUSE OF ACTION**

**(Wilful Trespass)**

**(Count I)**

**(Against Legacy and Does 6-10 Only)**

55. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 54 as though set forth in full at this point.

56. Plaintiff is, and at all times mentioned in this Complaint was, owners and in possession and control of that real property situated in San Diego County, known as the Wellington Property, as legally described above.

57. Legacy obtained the Encroachment Permit from Caltrans to enter the Wellington Property without Plaintiff's permission. Caltrans' granting the Encroachment Permit is unlawful, unnecessary, and impermissible under California statute and case law. The Highway Easement does not provide the authority for Caltrans to issue the Encroachment Permit. Caltrans has exceeded the scope, purpose, and reasonable use granted to it by the Highway Easement, as described above. Neither the Highway Easement nor the Encroachment Permit provide the

authority to Legacy to lawfully enter, intrude, use, or encroach onto the Wellington Property. Plaintiff never provided consent, either express or implied, to Caltrans or Legacy for use of the Wellington Property in the manner sought. There is no statutory or affirmative defense available, including, but not limited to estoppel by deed, which provides this consent. Legacy is therefore liable for trespass.

58. Legacy has encroached onto the Wellington Property unlawfully and without Plaintiff's permission. Plaintiff is informed and believes and thereon alleges that Legacy intends to perform maintenance and repairs to the Keystone Wall and to construct the Caltrans Wall, including the installation of subterranean tie-backs, on the Wellington Property. In doing so, Plaintiff is informed and believes and thereon alleges that Legacy plans to place dirt, materials, and equipment entirely upon the Wellington Property. Legacy also plans to install tie-backs underneath the Wellington Property which results in a physical and permanent intrusion. Legacy would lack any good faith belief that they had a right to do so.

59. Legacy's trespass and intentional encroachment onto the Wellington Property includes the installation of subterranean tie-backs onto said property, which will forever preclude its "highest and best use." Plaintiff has not provided consent or permission for this trespass, intrusion, and encroachment. According to applicable statutes and case law, Legacy does not have the authority to use the Wellington Property in the manner sought. Legacy knew that it lacked the authority, consent, or permission to enter Plaintiff's land to perform repairs to the Keystone Wall or construction on the Caltrans Wall. Legacy intentionally entered the Wellington Property despite any lawful authority to do so.

60. Any encroachment, ingress, or movement upon the Wellington Property by Legacy, as well as its agents, servants, employees, assigns and all those acting in concert with Legacy is an unlawful, intentional, and wilful trespass.

61. As a proximate result of the encroachment Plaintiff has suffered and will continue to suffer general and special damages due to the trespass on their land in an amount to be proven at trial.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

62.     Additionally, because the trespass is intentional, wilful, vexatious, and despicable, Plaintiff is entitled to punitive damages in an amount to be proved at trial.

**(Negligent Trespass)**

**(Count II)**

**(Against Legacy and Does 6-10 Only)**

63.     Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 62 as though set forth in full at this point.

64.     Plaintiff is, and at all times mentioned in this Complaint, was an owner in possession and control of that real property situated in San Diego County, known as the Wellington Property, as legally described above.

65.     Legacy obtained the Encroachment Permit from Caltrans to enter the Wellington Property without Plaintiff's permission.    Caltrans' granting the Encroachment Permit is unlawful, unnecessary, and impermissible under California statute and case law.    The Highway Easement does not provide the authority for Caltrans to issue the Encroachment Permit. Caltrans has exceeded the scope, purpose, and reasonable use granted to it by the Highway Easement, as described above.    Neither the Highway Easement nor the Encroachment Permit provide the authority to Legacy to lawfully enter, intrude, use, or encroach onto the Wellington Property. Plaintiff never provided consent, either express or implied, to Caltrans or Legacy for use of the Wellington Property in the manner sought.    There is no statutory or affirmative defense available, including, but not limited to estoppel by deed, which provides this consent.    Legacy is therefore liable for trespass.

66.     Legacy's trespass and intentional encroachment onto the Wellington Property includes the installation of subterranean tie-backs onto said property, which will forever preclude its "highest and best use."    Despite the existence of the Highway Easement, Plaintiff has not provided consent or permission for this trespass, intrusion, and encroachment.    According to applicable statutes and case law, Legacy does not have the authority to use the Wellington Property in the manner sought.    Legacy should have known that it lacked the authority, consent, or permission to enter Plaintiff's land to perform repairs to the Keystone Wall or construction

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

on the Caltrans Wall. Legacy negligently entered the Wellington Property despite any lawful authority to do so.

67. Any encroachment, ingress, or movement upon the Wellington Property by Legacy, as well as its agents, servants, employees, assigns and all those acting in concert with Legacy is an unlawful and negligent trespass, even if such conduct is unintentional.

68. As a proximate result of the encroachment and/ or planned encroachment by Legacy, Plaintiff has suffered and will continue to suffer damages due to the trespass on their land in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Advantage)**

**(Against All Defendants)**

69. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 68 as though set forth in full at this point.

70. Plaintiff has had and will have numerous relationships, contacts, employment arrangements, and other business relationships with third parties which constitute an economic relationship that has and will result in a certain future economic benefit to Plaintiff relating to the ownership and development and/or sale of the Wellington Property. Plaintiff has specifically negotiated plans for development of the Wellington Property into a medical plaza complex with Kaiser Permanente and Center for Healthcare. These plans and negotiations include the construction of an underground parking garage to accommodate parking requirements, to maximize useable space for construction of two buildings, to obtain the highest profits, and to obtain the "highest and best use" of the Wellington Property.

71. Plaintiff has formed an economic relationship with Kaiser Permanente and Center for Healthcare with a certain prospective benefit but for the actions of Legacy and Caltrans. The economic relationships with Kaiser Permanente and Center for Healthcare are certain and not speculative or simply mere hope. But for the actions of Caltrans and Legacy, by placing tie-backs in the ground as alleged above, Plaintiff would complete plans for development of the

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

Wellington Property pursuant to these economic relationships. Caltrans and Legacy are preventing Plaintiff from obtaining all the benefits of this economic relationship by their actions.

72. Plaintiff is precluded from proceeding the development, design, plans, permits, variances, and all other procedural requirements due to the actions of Caltrans and Legacy. As set forth in great detail above, Plaintiff has complied with all requirements of the California Tort Claims Act, including, but note limited to, *Government Code* §§815 and 905, for presentment of its claim. Caltrans has denied this claim. Plaintiff has put Caltrans on notice that it is attempting to file a valid claim and that litigation will result if the matter is not resolved. Therefore, there is statutory liability for this tort against Caltrans.

73. Caltrans and Legacy knew of the relationships between Plaintiff and third parties by and through correspondence, verbal discussions, and prior meetings with representatives for Wellington and Legacy. Plaintiff specifically informed Caltrans and Legacy of its plans for development and the relationship with the third parties. Caltrans and Legacy intended to disrupt the relationships with Wellington and third parties by issuing the Encroachment Permit to Legacy, knowing that would irreparably harm the "highest and best use" of the Wellington Property.

74. Caltrans and Legacy failed to consider that no ancient landslide exists, that Legacy's work is unrelated to the I-15 Project, and that all such work could be performed on Legacy's own property without the need for issuance of the Encroachment Permit. Caltrans and Legacy also intended to disrupt relationships with third parties for development of the Wellington Property by failing to consider alternative designs, rather than subterranean tie-backs which, if installed, will prevent Plaintiff from developing its property to the "highest and best use." Plaintiff attempted to resolve the disputes informally with Legacy and Caltrans. Legacy usurped the negotiations with Plaintiff by applying for an Encroachment Permit from Caltrans. Plaintiff expressly informed Caltrans and Legacy that it intended to development the property such that the subterranean tie-backs would forever interfere with the planned development. Plaintiff also informed Caltrans and Legacy of its relationships with third parties for

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

development of the Wellington Property. Caltrans knew this, but issued the Encroachment Permit anyway.

75. Plaintiff has been unable to proceed with plans for development and marketing due to the present construction and repair work at the Wellington Property as well as the uncertainty of the state of this property following completion of such work. Caltrans and Legacy have engaged in this wrongful conduct, including, but not limited to: exceeding the scope and purpose of the Highway Easement and issuing the Encroachment permit, which authorized illegal encroachment onto the Wellington Property; constructing and/or planning to construct subterranean tie-backs using Wellington's property without permission; encroaching on the Wellington Property without permission; failing to consider alternative designs; failing to consider that there is no need to install tie-backs or a new retaining wall because there is no ancient landslide and/or an appropriate factor of safety; failing to conduct due diligence; failing to compensate Plaintiff for use of its land; abusing discretion in issuing the Encroachment Permit; intentionally circumventing negotiations with Plaintiff by applying for the Encroachment Permit; precluding Wellington from developing the property to its highest and best use; and violation of statutes and California law, including, but not limited to: *U.S. Constitution,* Amendment V; *California Constitution* (Art. I), §19; *Civil Code* §§ 808; 810; 811; 3479; 3481; *Government Code* §§ 814; 815, et. seq.; *State and Highway Code* §92, et. seq.; 660; 670, et. seq. Other statutes and case law may exist.

76. From the time when negotiations first began with Caltrans until the time of the issuance of the Encroachment Permit, Plaintiff had substantially complied with the California Tort Claims Act in *Government Code* §§815 and 905 by presenting its claim of dispute to Caltrans. Under *Government Code* §910, Plaintiff has presented a claim to Caltrans. Caltrans had knowledge of: Plaintiff 's name and post office address; the post office address to which Plaintiff desired all notices to be sent; the date, place and other circumstances of the facts which gave rise to the claim asserted; a general description of the injury, damage or loss incurred, as known at the time of presentation of the claim, of the encroachment on the Wellington Property and the fact that the Encroachment Permit would prevent it from developing the property as

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

planned; and notifying Caltrans of the identity of those causing the damage and injury to its property, namely Legacy and Caltrans.

77. Plaintiff has substantially complied with all statutory bases for maintaining liability against Caltrans by virtue of its extensive meetings, discussions, correspondence, and negotiations between Plaintiff and Caltrans prior to initiating this lawsuit. Caltrans was aware within the statutory period, but well prior to initiation of this lawsuit of all the claims alleged by Plaintiff against it. Caltrans denied all claims, which prompted this lawsuit. Therefore, there is a statutory basis for this cause of action against Caltrans.

78. Plaintiff is informed and believes and thereon alleges that Legacy and Caltrans, as well as agents, servants, employees, assigns and all those acting in concert with them, intended to disrupt the relationships with Plaintiff and third parties, including Kaiser Permanente and Center for Healthcare, by and through their conduct alleged herein.

79. As a proximate and direct result of Legacy's and Caltrans' wrongful conduct described above, as well as the wrongful conduct of their agents, servants, employees, assigns and all those acting in concert with them, the relationships between Plaintiff and third parties, including Kaiser Permanente and Center for Healthcare, has been disrupted and will be further disrupted, causing general and special damages to Plaintiff.

80. Further interference by Legacy includes Legacy's failure to repair the Keystone Wall in a timely fashion from its own property, such that in attempting to save money by obtaining permission from Caltrans, Legacy has delayed any necessary repairs and has delayed Plaintiff's ability to develop its own property. Plaintiff has incurred general and special damages, including but not limited to, carrying costs, and the inability to sell the property.

81. As a proximate and direct result of Legacy's and Caltrans' conduct, as well as the conduct of their agents, servants, employees, assigns and all those acting in concert with all named Defendants, Plaintiff has been severely and irreparably harmed. Legacy's and Caltrans' conduct was intentional and designed to cause Plaintiff harm. This conduct was done with a conscious, wanton, and wilful disregard of Plaintiff's rights and was despicable conduct performed with the intent to injure, damage, vex, or annoy Plaintiff, as set forth in great detail

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

above, such that it constitutes oppression, and malice entitling Plaintiff to punitive and exemplary damages according to proof. Plaintiff further alleges that Caltrans and Legacy perpetrated the above acts in bad faith and in a knowing, wilful, and malicious manner with the purpose and intent of advancing their own gain.

82. As a proximate and direct result of Legacy's and Caltrans' wrongful conduct, as well as the wrongful conduct of their agents, servants, employees, assigns and all those acting in concert with all named Defendants was a substantial factor in causing severe and irreparable harm to Plaintiff.

## FIFTH CAUSE OF ACTION

**(Negligent Interference with Prospective Economic Advantage)**

**(Against All Defendants)**

83. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 82 as though set forth in full at this point.

84. Plaintiff has and will have numerous relationships, contacts, employment arrangements, and other business relationships with third parties which constitute an economic relationship that has and will result in a future economic benefit to Plaintiff relating to the ownership and development and/or sale of the Wellington Property. Plaintiff has specifically negotiated plans for development of the Wellington Property into a medical plaza complex with Kaiser Permanente and Center for Healthcare. These plans and negotiations include the construction of an underground parking garage to accommodate parking requirements, to maximize useable space for construction of two buildings, to obtain the highest profits, and to obtain the "highest and best use" of the Wellington Property.

85. Plaintiff has formed an economic relationship with Kaiser Permanente and Center for Healthcare with a certain prospective benefit but for the actions of Legacy and Caltrans in placing subterranean tiebacks in the property. The economic relationships with Kaiser Permanente and Center for Healthcare are certain and not speculative or simply mere hope. But for the actions of Caltrans and Legacy, Plaintiff would complete plans for development of the

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

Wellington Property pursuant to these economic relationships. Caltrans and Legacy are preventing Plaintiff from obtaining all the benefits of this economic relationship by their actions.

86. Plaintiff is precluded from proceeding with the development, design, plans, permits, variances, and all other procedural requirements due to the actions of Caltrans and Legacy. As set forth in great detail above, Plaintiff has complied with all requirements of the California Tort Claims Act, including, but note limited to, *Government Code* §§815 and 905, for presentment of its claim. Caltrans has denied this claim. Plaintiff has put Caltrans on notice that it is attempting to file a valid claim and that litigation will result if the matter is not resolved. Therefore, there is statutory liability for this tort against Caltrans.

87. Plaintiff is informed and believes and thereon alleges that Legacy and Caltrans, as well as agents, servants, employees, assigns and all those acting in concert with them, should have known of the relationships between Plaintiff and third parties by and through correspondence, verbal discussions, and prior meetings with representatives for Wellington and Legacy. Caltrans and Legacy negligently disrupted the relationships with Plaintiff and third parties by issuing the Encroachment Permit to Legacy, knowing that would irreparably harm the "highest and best use" of the Wellington Property.

88. Plaintiff has been unable to proceed with plans for development and marketing due to the present construction and repair work at the Wellington Property and the uncertainty of the state of this property following completion of such work. Caltrans and Legacy failed to consider that no ancient landslide exists, that Legacy's work is unrelated to the I-15 Project, and that all such work could be performed on Legacy's own property without the need for issuance of the Encroachment Permit. Caltrans and Legacy also negligently disrupted the relationships with third parties for development of the Wellington Property by: exceeding the scope and purpose of the Highway Easement and issuing the Encroachment permit, which authorized illegal encroachment onto the Wellington Property; constructing and/or planning to construct subterranean tie-backs using Wellington's property without permission; encroaching on the Wellington Property without permission; failing to consider alternative designs; failing to consider that there is no need to install tie-backs or a new retaining wall because there is no

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

ancient landslide and/or an appropriate factor of safety; failing to conduct due diligence; failing to compensate Plaintiff for use of its land; abusing discretion in issuing the Encroachment Permit; intentionally circumventing negotiations with Plaintiff by applying for the Encroachment Permit; precluding Wellington from developing the property to its highest and best use; and violation of statutes and California law, including, but not limited to: *U.S. Constitution,* Amendment V*; California Constitution* (Art. I), §19; *Civil Code* §§ 808; 810; 811; 3479; 3481; *Government Code* §§ 814; 815, et. seq.; *State and Highway Code* §92, et. seq.; 660; 670, et. seq. Other statutes and case law may exist.

89. From the time when negotiations first began with Caltrans until the time of the issuance of the Encroachment Permit, Plaintiff had substantially complied with the California Tort Claims Act in *Government Code* §§815 and 905 by presenting its claim of dispute to Caltrans. Under *Government Code* §910, Plaintiff has presented a claim to Caltrans which indicated Plaintiff 's name and post office address; the post office address to which Plaintiff desired all notices to be sent; the date, place and other circumstances of the facts which gave rise to the claim asserted; a general description of the injury, damage or loss incurred, as known at the time of presentation of the claim, of the encroachment on the Wellington Property and the fact that the Encroachment Permit would prevent it from developing the property as planned; and notifying Caltrans of the identity of those causing the damage and injury to its property, namely Legacy and Caltrans.

90. Plaintiff has substantially complied with all statutory bases for maintaining liability against Caltrans by virtue of its extensive meetings, discussions, correspondence, and negotiations between Plaintiff and Caltrans prior to initiating this lawsuit. Caltrans was aware within the statutory period, but well prior to initiation of this lawsuit of all the claims alleged by Plaintiff against it. Caltrans denied all claims, which prompted this lawsuit. Therefore, there is a statutory basis for this cause of action against Caltrans.

91. As a proximate and direct result of Caltrans' and Legacy's wrongful conduct, as well as the wrongful conduct of their agents, servants, employees, assigns and all those acting

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

in concert with them, the relationships between Plaintiff and third parties has been disrupted and will be further disrupted.

92. As a proximate and direct result of Caltrans' and Legacy's conduct, as well as the conduct of their agents, servants, employees, assigns and all those acting in concert with Defendants, Plaintiff has been severely and irreparably harmed, causing general and special damages to Plaintiff.

93. Caltrans' and Legacy's wrongful conduct, as well as the wrongful conduct of their agents, servants, employees, assigns and all those acting in concert with Caltrans and Legacy was a substantial factor in causing severe and irreparable harm to Plaintiff.

**SIXTH CAUSE OF ACTION**

**(Inverse Condemnation)**

**(Against Caltrans and Does 1 - 25)**

94. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 93 as though set forth in full at this point.

95. Plaintiff is informed and believes and thereon alleges that Caltrans has "taken" the Wellington Property without just compensation pursuant to the *United States Constitution*, Fifth and Fourteenth Amendments, Article I, § 14 and the *California Constitution*, Article I, § 19. It was not foreseeable that Caltrans would issue an encroachment permit to Legacy pursuant to the easements granted to it and that Legacy would construct subterranean tie-backs to prohibit the "highest and best use" of the Wellington Property. Plaintiff at no time consented to the use of the Wellington Property by Caltrans in the manner for which they are proceeding, including, but not limited to, encroaching on the Wellington Property, repairing a retaining wall, constructing a new retaining wall, and constructing the subterranean tie-backs beneath the Wellington Property. Plaintiff is not required to comply with the California Tort Claims Act in filing a lawsuit for inverse condemnation against Caltrans.

96. Caltrans' "taking" of Plaintiff's real property was for a public use. This public use includes Caltrans' construction and development of the I-15 Project as well as construction

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

and repairs of retaining walls by Legacy. Legacy has been expressly authorized by Caltrans to perform construction and repairs of retaining walls on the Wellington Property.

97. Caltrans' public use of the Wellington Property for the I-15 Project therefore concerns the whole community or promotes the general interest in its relation to any legitimate object of government.

98. Plaintiff is informed and believes and thereon alleges that the invasion and appropriation of Plaintiff's valuable property right, which includes, but is not limited to obtaining the "highest and best use" of its land, by or under the auspices of a public agency or a private entity with the power of eminent domain, which directly and specially affects Plaintiff's right to develop the Wellington Property. The existence of the Highway Easement does not prevent a lawsuit for inverse condemnation because Caltrans has unreasonably exceeded the scope and purpose of said easement rendering its use and any implied consent meaningless.

99. Plaintiff is informed and believes and thereon alleges that Caltrans' invasion, taking, and appropriation of the Wellington Property has negatively affected the use or enjoyment of the property in a significant manner, lowering its value, imposing a physical burden upon it, and/or decreasing the income it can produce.

100. Plaintiff is informed and believes and thereon alleges that Defendants' invasion, taking, and appropriation of Plaintiff's property has caused physical injury to private property which includes, but is not limited to, construction and installation of subterranean tie-backs underneath the Wellington Property, use of the Wellington Property to complete construction and repairs, repairs of a retaining wall, construction of an additional retaining wall, and damaging the Wellington Property, which resulted in damage, destruction, depreciation in market value, or dispossession of Plaintiff's rights to develop the property to its "highest and best use." Plaintiff is unable to develop the Wellington Property to its "highest and best use" as a result of Caltrans' physical invasion and injury to his property.

101. Since an action for inverse condemnation is based on the Constitution, there is no governmental immunity to liability for inverse condemnation and there is no need for a statutory authorization to sue the public agency for the damages caused.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

102. Plaintiff is informed and believes and thereon alleges that Defendants have damaged Plaintiff's real property permanently and significantly such that Plaintiff is forever precluded from obtaining the "highest and best use" of the Wellington Property. Plaintiff is authorized to maintain an inverse condemnation against Caltrans without the need to prove negligence, but rather under a strict liability theory since Caltrans has taken the Wellington Property public use and have caused actual physical damage to the Wellington Property. There are no applicable exceptions to this standard relevant here.

103. Plaintiff is entitled to just compensation under authority granted by, but not limited to, the *United States Constitution*, Fifth and Fourteenth Amendments, Article I, § 14 and the *California Constitution*, Article I, § 19 as a proximate result and cause of the actions of Caltrans.

104. As a proximate result and cause of the foregoing invasion, taking, and appropriation of Plaintiff's property, Plaintiff has suffered physical property damage, depreciation in market value, or unlawful dispossession of its ownership rights entitling Plaintiff to just compensation in an amount to be proven at trial.

105. As a proximate result and cause of the foregoing invasion, taking, and appropriation of Plaintiff's property, Plaintiff is also entitled to reasonable costs, disbursements, expenses, including attorney's fees, appraisal, and engineering fees incurred in an amount to be proven at trial pursuant to *Code of Civil Procedure* §1036.

**SEVENTH CAUSE OF ACTION**

**(Nuisance)**

**(Against All Defendants)**

106. Plaintiff hereby incorporates by this reference each of the foregoing paragraphs 1 - 105 as though set forth in full at this point.

107. At all times herein mentioned, Plaintiff has owned, occupied, used, and maintained the Wellington Property. Defendants' conduct, as set forth more fully above and below, was accomplished by Caltrans and Legacy employees with the express authorization, consent, ratification, and supervision of corporate officers, directors, managing agents,

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

employers, and principals at Caltrans and Legacy. The conduct of Defendants has interfered, physically intruded upon, and impeded with Plaintiff's use and enjoyment of its property. The conduct of Defendants interfering with the use and enjoyment of Plaintiff's property constitutes a nuisance pursuant to *Civil Code* §§3479; 3481 concerning the use and condition of the property.

108. Plaintiff is informed and believe and thereon alleges that Legacy's and Caltrans' interference with the use and enjoyment of the Wellington Property and Plaintiff's property rights was substantial and unreasonable. Legacy's and Caltrans' conduct, as set forth specifically below, not only caused damages due to delayed construction, but also caused significant property damage, loss of business, loss of revenues, and out of pocket expense. In addition, Defendants' conduct was substantial and unreasonable because they encroached upon Plaintiffs' property, trespassed upon Plaintiffs' property, and caused substantial and unreasonable property damage and out of pocket costs to Plaintiff such that Plaintiff is unable to proceed with plans for development of an underground parking structure to obtain the "highest and best use" of the Wellington Property. Legacy has used the Wellington Property for a construction staging area by placing large equipment and supplies on the Wellington Property without consent. Legacy's installing and/or planning to install subterranean tie-backs underneath, encroaching upon, and causing physical intrusion to the Wellington Property without Plaintiff's consent or authority to do so under applicable easements, have resulted in Plaintiff permanently being precluded from obtaining the "highest and best use" of the Wellington Property. Additionally, Defendants' conduct has specifically impeded not only Plaintiffs' use and enjoyment of the property, but also the condition of the property.

109. Specific examples of how Legacy's and Caltrans' conduct amounted to unreasonable and substantial harm to the use and condition of Plaintiffs' property sufficient to constitute a nuisance for purposes of *Civil Code* §§3479; 3481 include, but are not limited to, the following:

a. Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009

officers, employers, and principals of Legacy and Caltrans, includes the placement of large earthmoving equipment and stockpiling soil on the Wellington Property, which irreparably prevents Plaintiff from using the Wellington Property for construction, marketing, development, improvements, and/or construction, which constitutes a nuisance under *Civil Code* §§3479; 3481;

b.      Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes temporary and permanent physical encroachment onto the Wellington Property by placement of equipment, materials, and installing tie-backs irreparably and negatively impacts the marketability of the Wellington Property, including the ability to sell the property, obtain loans, and to obtain financing for construction, which constitutes a nuisance under *Civil Code* §§3479; 3481;

c.      Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes unauthorized and unnecessary repairs, maintenance, and construction of keystone retaining walls using the Wellington Property when such work may be completed using Legacy's own property, which constitutes a nuisance under *Civil Code* §§3479; 3481;

d.      Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate officers, employers, and principals of Legacy and Caltrans, also includes construction of subterranean tie-backs beneath the Wellington Property which permanently precludes Plaintiff from obtaining the "highest and best" use of the property, which also constitutes a nuisance under *Civil Code* §§3479; 3481;

e.      Legacy's and Caltrans' unreasonable conduct, through those acting with the express authorization, consent, ratification, and supervision of corporate

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.5009