# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY PARTNERS, INC., <br><br>　　　　　　　　　　Plaintiff, <br>　vs. <br>CLARENDON AMERICAN INSURANCE COMPANY, <br><br>　　　　　　　　　　Defendant. | CASE NO. 08CV920 BTM (CAB) <br><br> ORDER DENYING MOTION TO DISMISS |

　　　Defendant Clarendon American Insurance Company moves to dismiss Plaintiff Legacy Partners, Inc.'s complaint for breach of insurance contract, breach of implied covenant of good faith and fair dealing, and declaratory relief.  For the reasons set forth below, the Court DENIES Defendant's motion to dismiss.

## FACTUAL BACKGROUND

　　　Plaintiff purchased a general liability policy from Defendant which covered all losses suffered by Plaintiff as a result of an "Occurrence" as defined in the policy. The insurance policy in question defines Occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

　　　After the purchase of this policy, Plaintiff was sued by The Wellington Group, LLC ("Wellington").  Wellington alleged that Plaintiff, among others, (1) trespassed upon Wellington's property in order to make repairs to a retaining wall; (2) constructed subterranean tie-backs using Wellington's property without permission; (3) failed to exercise

reasonable care and skill in performing construction work on the Wellington property; (4) failed to exercise reasonable care and skill in determining the need for repair to the retaining wall; (5) caused damage by placement of heavy construction equipment and materials on the Wellington property; and (6) negligently removed storm and pollution work that Wellington had completed as part of its development of the property. (Wellington's Complaint ¶ ¶37, 117)

Plaintiff sought coverage for the loss it suffered as a result of the Wellington lawsuit under the policy it purchased from Defendant. Defendant denied coverage.

**DISCUSSION**

A motion to dismiss for failure to state a claim will be denied unless it appears that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986).

The parties agree that in order for Plaintiff to be covered by the insurance policy issued by Defendant, the loss sustained by Plaintiff as a result of the Wellington lawsuit must have stemmed from an "occurrence," i.e., "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Defendant argues that because Plaintiff's actions with regard to the Wellington property were intentional rather than accidental, they do not qualify as "occurrences" eligible for coverage under the insurance policy.

Defendants point out that although Wellington alleges negligence against Plaintiffs, a negligent action is not the equivalent of an accident.

> It is common to hear the argument that if the underlying complaint alleges negligence, there must be a duty to defend. This is not necessarily true. . . Such arguments misconstrue the 'accident' requirement in standard general liability policies. 'Under California law, the term refers to the nature of the insured's conduct, not his state of mind.' . . . ' Negligent' or not, in this case the insured's conduct alleged to have given rise to claimant's injuries is necessarily nonaccidental, not because any 'harm' was intended, but simply because the conduct could not be engaged in by 'accident.' "

Ulrich v. State Farm Fire & Cas. Co., 109 Cal. App. 4th 598, 610 (2003) (quoting Quan v. Truck Ins. Exchange, 67 Cal. App. 4th 583, 595-596 (1998).

> However, the term "accident" has also been used to refer to the unintended or unexpected consequence of the act. "When an injury is an unexpected or unintended consequence of the insured's conduct, it may be characterized as an accident for which coverage exists. When the injury suffered is expected or intended, coverage is denied. When one expects or intends an injury to occur, there is no 'accident.' " . . . "The fact that an act which causes an injury is intentional does not take the consequence of that act outside the coverage of a policy which excludes damage unless caused by accident for if the consequence that is the damage or injury is not intentional and is unexpected it is accidental in character. . . .  the Supreme Court stated that "accident" "has been defined 'as "a casualty-something out of the usual course of events and which happens suddenly and unexpectedly and without design of the person injured. It includes any event which takes place without the foresight or expectation of the person acted upon or affected by the event.' . ... These statements defining the term "accident" employ the words "consequence" and "happen," thereby indicating that an accident can exist when either the cause is unintended or the effect is unanticipated.

State Farm Fire and Cas. Co. v. Superior Court, 164 Cal. App. 4th 317, 325-26 (2008) (citations omitted).

The Court has examined Plaintiff's complaint and the Wellington Second Amended Complaint in order to determine whether Plaintiff has pled that it suffered a loss that is eligible for coverage under the policy.  Plaintiff does not make any independent characterizations of its conduct with regard to the Wellington property as accidents, unintentional actions, intended actions with unintended or unexpected consequences, or otherwise.  Instead, Plaintiff incorporates and relies upon the allegations brought against them by Wellington in their complaint and responses to interrogatories. (Plaintiff's Complaint ¶¶ 15-17)

The Court agrees that many of Plaintiff's alleged actions, such as the trespass upon Wellington property or the placement of subterranean tie-backs, appear to be intentional actions with intended consequences, rather than accidents. However, other allegations such as the damage caused by placement of heavy construction equipment and materials on the Wellington property and the negligent removal of Wellington's storm and pollution work could have an accidental component depending on the facts of the case. For example, Plaintiff's intentional act of placing equipment on Wellington's property could have resulted in unintended consequences if Plaintiff accidentally deployed the wrong or too heavy equipment. Plaintiff's intentional act of performing repair work on the retaining wall could have involved unintended consequences if Plaintiff's employees accidentally caused

damaged while in the course of performing the intended repair.  Also, the Court cannot tell from the  pleadings whether the removal of Wellington's storm and pollution work was an intended consequence or the accidental byproduct of Plaintiff's repairs to the retaining wall.  As explained above, it is unclear from Plaintiff's current complaint and the incorporated Wellington complaint whether the damage to the Wellington property was solely caused by the intended consequences of Plaintiff's actions or was also caused by the unintentional or accidental consequences of Plaintiff's actions.  Because  the Court cannot conclude at this juncture that Plaintiff's actions could not constitute "occurrences" under any set of facts consistent with the allegations as pled, the Court denies Defendant's motion to dismiss Plaintiff's first and second claims for breach of insurance contract.[1]  See Hishon, 467 U.S. at 73.

Defendant also argues that the Court should also dismiss Plaintiff's  third claim for tortious breach of the implied covenant of good faith and fair dealing because (1) Plaintiff has failed to plead that  Defendant breached the insurance contract; and (2) Plaintiff failed to plead how the Defendant's handling of coverage was unreasonable.   For the reasons set forth above, the Court finds that Plaintiff has not failed to plead that Defendant breached the insurance contract.  The Court also finds that Plaintiff adequately pled a cause of action for breach of the implied covenant of good faith and fair dealing.  Plaintiff states in its complaint that Clarendon acted in bad faith by wrongfully and unreasonably declining coverage.  Contrary to Defendant's argument, Plaintiff does not need to enumerate specific acts and allege why they are unreasonable. Under the liberal pleading standards for federal actions, Plaintiff's general allegations are sufficient to plead a claim for breach of the implied covenant of good faith and fair dealing. See Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1151-52 ("[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for

---

[1] Because the Court denies the motion to dismiss on the ground that Plaintiff's loss was not result of an accidental "Occurrence," the Court need not reach the issue of whether coverage may also be available under the personal injury provisions of the insurance policy.  The Court also declines to resolve Plaintiff's waiver and estoppel arguments as unnecessary.

withholding benefits must have been unreasonable or without proper cause.").

The Court therefore DENIES Defendant's motion to dismiss Plaintiff's third claim for tortious breach of the implied covenant of good faith and fair dealing. For the same reasons, the Court also denies Defendant's motion to dismiss Plaintiff's fourth and fifth causes of action for declaratory relief which are premised on the facts alleged in the first through third causes of action.

Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED: October 2, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge